ROGERS (WOODWORTH v.). See Case No. 18,018.

ROGERS (WRIGHT v.). See Case No. 18,090.

## Case No. 12,024.

### ROGERS LOCOMOTIVE WORKS v. LEWIS et al.

[4 Dill. 158;[1] 9 Chi. Leg. News, 84; 3 Cent. Law J. 784.]

Circuit Court, W. D. Missouri. Nov. Term, 1877.

CONDITIONAL SALE—MORTGAGE—REGISTRY ACT.

1. Conditional sales of personal property are valid in Missouri.

2. Instruments evidencing a conditional sale of chattels need not be recorded in Missouri in order to be valid against creditors or subsequent purchasers—the registry law of Missouri only extending to mortgages or deeds of trust of chattels. The instrument in judgment *held* to be a sale on condition, and not a mortgage within the registry laws of Missouri.

[Cited in Blackwell v. Walker, 5 Fed. 422; Hart v. Barney & Smith Manuf'g Co., 7 Fed. 550.]

Replevin for one locomotive engine, called the James W. Lewis, No. 1, and tender. The plaintiff delivered the engine and tender to the Keokuk and Kansas City Railroad Company, and received, as evidence of the contract under which they were delivered, the following instrument:

"The Keokuk and Kansas City Railroad Company has received from the Rogers Locomotive and Machine Works, at Paterson, New Jersey, one locomotive engine, James W. Lewis, No. 1, and tender, upon the following conditions:

"1. If the said railway company shall fully pay the following described promissory notes when they respectively become due and payable, viz.: One dated October 25th, 1873, at four months, payable to the order of said railway company at the National Bank of Commerce, in the city of New York, for five thousand six hundred and thirty-one 53-100 dollars ($5,631 53-100), due February 25th, 1874, and one, same date, at six months, payable as above, for five thousand six hundred and ninety-five 70-100 dollars ($5,695 70-100), due April 15th, 1874—then and in such case it is agreed that the said engine and tender shall become and be thereafter the property of said railway company, but, in the meantime, and until such payment is made, the said Rogers Locomotive and Machine Works retains the title and ownership thereof.

"2. In case of default in the payment at maturity of said notes, or either of them, the said Rogers Locomotive and Machine Works may, without impairing the validity and effect of said notes, according to their tenor, resume the possession of said engine and tender, and the said company hereby agrees to surrender, return, and deliver up the same, in good order and condition, to the Rogers Locomotive and Machine Works, who may thereafter, if they see fit, sell said engine and tender at public auction, on not less than ten

———

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

days notice (either party being at liberty to become the purchaser at such sale), and apply the proceeds, pro tanto, to the payment of such of said notes as shall then remain unpaid, rendering the overplus, if any, after discharging all costs and expenses of sale, to the said company, whose liability, in case of deficiency, shall still continue.

"Dated this the 25th October, 1873. In testimony whereof, the president of said company, under due authority, has caused the seal of said company to be hereto attached, and has signed his name hereto officially, the day and year last above written.

"(Signed) The Keokuk and Kansas City Railway Company,

"By S. H. Melvin, President.

"Albert Blair, Secretary."

This instrument was never recorded. The engine has not been paid for—the only payment made thereon being $180. The railway company became insolvent, and a judgment was rendered against it in one of the state courts, in November, 1875, which was declared a lien upon the "road bed, station houses, depots, bridges, rolling stock, real estate," etc., under the act of Missouri of March 21st, 1873. Upon this judgment execution issued, and the engine in question sold thereunder as personal property; and this is the title claimed by the defendants. The purchaser, after the levy and before the sale under execution, had notice of the aforesaid instrument of October 25th, 1873, and of the plaintiff's claim thereunder.

G. S. Van Wagoner, for plaintiff.

White, Clarke & Shackelford, for defendants.

DILLON, Circuit Judge. On the argument the counsel agreed that the controlling question was, whether the instrument of writing dated October 25th, 1873, was a conditional sale or a mortgage. If the former, then the plaintiff, it was conceded, must succeed, since in that event the laws of Missouri did not require the instrument to be recorded. If the latter, then the plaintiff, it was admitted, must fail, because the instrument was not recorded, as required by the laws of Missouri in respect of mortgages of chattels.

The statute in this regard is as follows: "No mortgage or deed of trust of personal property shall be valid against any other person than the parties thereto, unless possession of the mortgaged or trust property be delivered to and retained by the mortgagee or trustee or cestui que trust, or unless the mortgage or deed of trust be acknowledged or proved and recorded in the county." etc. 1 Wag. St. p. 281, § 8; Bevans v. Bolton, 31 Mo. 437.

The rights of the plaintiff are the same, under the facts in this case, whether the transaction as set forth in the above mentioned instrument be regarded as a sale on condition of subsequent payment, the title meanwhile remaining in the plaintiff, or an executory agreement to sell, the title to vest when payment should be made, but not before. The courts have settled the doctrine that the seller and buyer may agree that the passing of the title to the property, although the property itself be actually delivered to the buyer, shall depend upon the buyer fulfilling some condition, precedent or concurrent, and that one of these conditions may be payment of the stipulated price. Benj. Sales, § 320, and American cases cited in note; 2 Schouler, Pers. Prop. 292, 296, 298, and cases there referred to; 2 Kent, Comm. 497. And such is the law in the state of Missouri, as repeatedly declared by the decisions of its supreme court. Parmlee v. Catherwood, 36 Mo. 479; Griffin v. Pugh, 44 Mo. 326; Little v. Page, Id. 412. These cases, where there is no laches in the seller, apply the rule in his favor against even a purchaser from the buyer in good faith, without notice.

It being competent, then, to the parties to make such contracts, they ought, when made to be construed so as to carry out, and not to thwart, their intention and purpose. What was the intention and purpose in this case? Was the instrument an agreement to sell on condition, or was it a complete and absolute sale and a mortgage for the price? There is nothing in the language or in the frame of the instrument to support the latter alternative. It is not stated that the engine has been "sold" to the railway company, but only that it has "received" it. It is stated that upon payment, "then and in such case the engine shall become and be thereafter the property of the said railway company, but in the meantime, and until such payment is made, the said Rogers Locomotive and Machine Works retains the title and ownership thereof." On default of payment the seller may "resume" possession, which the railway company agrees to surrender, with an election in the seller, if it sees fit to exercise it, to sell the property and apply the proceeds in payment of the price, and account for any surplus.

It may be that the registry laws, if wisely framed, ought to extend to such a case as this, and to require the seller to place the evidence of his rights on record, and accordingly we find that some of the states have recently passed enactments of the character suggested. But there is no such legislative requirement in Missouri. This instrument was not a mortgage or deed of trust within the statute above quoted. It is our judgment that, under the instrument in question, the property never vested in the railway company; that the title has always remained with the plaintiff, and if so, then of course the instrument was not a mortgage within the meaning of the recording act, requiring registration.

The same conclusion has been reached by the circuit court of the United States for the district of Indiana, in the case of Rogers

Locomotive Works v. Indianapolis, B. & W. Ry. Co. [unreported]. Judgment for plaintiff.

NOTE. In view of a recent decision of the United States supreme court in a case from Illinois, the court expressed a wish to have this judgment taken to the supreme court.