Dannefelser v. Weigel.

---

DANNEFELSER, Appellant, v. WEIGEL, Respondent.

1. Where a party to a suit, through no negligence on his part, but through reliance upon the promises of a notary before whom a deposition is being taken, and of the opposing counsel, is prevented from cross-examining the witness, the deposition should be suppressed.
2. Where the delivery of a chattel is conditional, the property will not vest until the condition is performed, or the performance thereof is waived.

4—VOL. XXVII.

*Appeal from St. Louis Court of Common Pleas.*

*Spies & Burt,* for appellant.

*Kribben,* for respondent.

RICHARDSON, Judge delivered the opinion of the court.

In our opinion, the court ought to have sustained the plaintiff's motion to suppress the deposition of Louisa Bollet.

The inattention and negligence of attorneys ought not to be encouraged or countenanced; but in this case Mr. Spies was not guilty of either, but acted under an emergency and on assurances that would have lulled the most prudent man into security. It appears from his affidavit that he attended for his client on the day and hour and at the place appointed by the defendant in his notice for taking depositions; that he found there the notary, the witness, the defendant and Mr. Kribben his attorney, and that as his wife, who was an invalid and was about to leave the city for her health, required his attention for a little while, he requested the notary and Mr. Kribben not to delay taking the deposition, but to detain the witness for an hour that he might cross-examine her on his return. They promised to do as he had requested, and on the faith of their promise he went away, but returned within an hour, and, as he believes, in about half an hour, when he found that the witness had given her deposition and left. The sudden leaving of the witness was explained by the statement that she was in a hurry; but the notary and the plaintiff's attorney promised that she should be at the office again that day at five o'clock, at which time he attended, but she was not there, and the promise was renewed that she should be there the next day at the same hour. He again attended the next day at the appointed time, but the witness was still absent; when another appointment was made, with the like result, at which time he was informed that they could not procure her attendance for the reason that she had left the city the day before to reside in Illinois.

No blame is attached to Mr. Kribben in this transaction, for his promise was no doubt made in good faith and dictated by a proper professional courtesy, and he manifested every disposition to redeem it. But his client was present and heard the request and promise; the witness was at that time in his employment and an inmate of his family, and as she did not leave the city until several days after her deposition was taken, it is hardly probable that he could not have secured her presence again before the notary in order to be cross-examined by the plaintiff.

The evidence of Gamnitz, a workman in the employ of plaintiff, if it does not show that he had no authority to deliver the buggy, clearly shows that it was a conditional delivery; and in that case the title did not vest in the defendant until he had performed the condition, unless the plaintiff subsequently waived it. If property is sold without credit on the condition that it shall be paid for, though it is delivered, the sale is conditional, and the title will not pass as between the original parties. (2 Kent, 496 ; Story on Sales, § 313.) The first instruction asked by the plaintiff and refused ought to have been given with the qualification " unless the jury should find that the plaintiff waived the condition." If the defendant obtained possession of the buggy on consideration and on the promise that he would pay for it, and there was no agreement for credit, the plaintiff's right to retake it did not depend on the motives of the defendant at the time of the delivery, if the conditions were not afterwards complied with. For the purchaser, to whom property is delivered coupled with the condition that he will pay for it, will be guilty of a fraud if he afterwards attempts to keep it without paying, although he intended to pay at the time he got it. The instructions therefore are erroneous which imply that it was necessary to show that the defendant obtained possession of the buggy with the intention never to pay for it, or that he procured the delivery thereof by a trick or contrivance.

The judgment will be reversed and the cause remanded ; the other judges concurring.