Parmlee v. Catherwood et al.

———•◦•———

SOLOMON PARMLEE, Respondent, *v.* W. S. CATHERWOOD *et al.*, Appellants.

| 36 | 479 |
| 38a | 55 |
| 36 | 479 |
| 115 | 255 |
| 116 | 572 |
| 36 | 479 |
| 59a | 556 |
| 36 | 479 |
| 63a | 103 |
| 36 | 479 |
| d91a | 569 |

*Contract—Sale.*—Possession of personal property is presumptive evidence of title ; but where a sale is made and possession delivered to the purchaser, yet if by express agreement the title is to remain in the seller until the price be paid, the right of property is not vested in the purchaser until payment. And where the vendor has been guilty of no laches, he may reclaim the goods from a third party who took them in good faith and without notice.

*Appeal from St. Louis Law Commissioner's Court.*

*Coleman,* for respondent.

*Jones & Sherman,* for appellants.

WAGNER, Judge, delivered the opinion of the court.

This was a suit originally brought before a justice of the peace, under the statute for the claim and delivery of per-

sonal property; the plaintiff had judgment in the justice's court, and the defendant appealed to the Law Commissioner's Court. On the trial of the cause before the Law Commissioner (both parties having waived a jury), it appeared from the evidence that the plaintiff sold to one Beebee a mirror—which is the article here in controversy—for forty dollars, to be paid for on delivery; that when it was sent to Beebee's he had not the money to pay for it, and it was agreed between plaintiff and Beebee that it should remain in the house of the latter, but should continue to belong to plaintiff till paid for. Beebee shortly afterwards sold a lot of personal property, including the mirror, to the defendants, partly for cash, and partly to satisfy a debt he owed them. There was no evidence to show that defendants had any notice of the conditional character of the sale, or of the agreement about the ownership of the mirror between plaintiff and Beebee. The Law Commissioner gave judgment for plaintiff, and the defendant appealed to this court.

From the testimony it is abundantly shown that the sale was conditional, and was not to be complete or absolute till the condition was complied with; that is, until the property was paid for. It is true, the possession of personal property is *prima facie* evidence of ownership; but where a sale is made and the property is delivered to the purchaser, yet by express agreement of the parties the title is to remain in the seller until the payment of the price, such payment is strictly a condition precedent, and until performance the right of property is not vested in the purchaser. And where the seller has been guilty of no laches, he may reclaim the goods so sold and delivered from a third person who took them in good faith from his purchaser and without notice. (1 Pars. on Contr. 537, 5th ed.; Sto. on Sales, § 313, Perkins' ed., and authorities there cited.)

We are aware that it has been held in the New York courts that a vendor in such conditional sale could not claim the goods as against the *bona fide* purchaser of the vendee; but the better doctrine seems to be, that where property is

sold on condition to one who is allowed to assume possession and the apparent ownership, third persons have a right to consider it his, and the burden of proof is on the vendor to show the condition and that it has not been complied with. (Leighton v. Stevens, 19 Me. 154 ; Hill v. Freeman, 3 Cush. 257 ; Heath v. Randall, 4 *ibid.* 195.) Here the proof furnished by the vendor was clear and certain as to the condition of the sale, and as to the non-compliance on the part of the vendee with the condition.

The judgment was for the right party and is affirmed. Judge Holmes concurs ; Judge Lovelace absent.