JOHN B. GRIFFIN, Respondent, v. THOMAS PUGH, Appellant.

1. *Contract — Sale, conditional — Purchase from vendee by third party — Title — Replevin.* — By the terms of a written contract, A. agreed to sell B. a certain engine for a specified sum; and B. agreed to return the same in default of payment within six months. B. took possession of the property, and, before the expiration of the time or the payment of the money, sold it to C., who purchased without notice of the rights of A. Suit in replevin was brought by A. against C. for the property. *Held,* that the contract was at best only a conditional sale, and no title vested in B.; and (in the absence of evidence showing laches in A.) C. acquired nothing by his purchase.

*Appeal from Fourth District Court.*

*Henry Williams,* for appellant, cited 5 N. Y. 417; 17 Mass. 606; 5 Gray, 306; 7 Gray, 158; 8 Gray, 159; Sto. on Sales, § 313; 2 Kent, 768–9; 3 Cush. 575; 1 Pars. on Cont. 537, and notes.

*Curtis & Pope,* for respondent, cited 2 Hill. 325; 8 Gray, 159; 3 Gray, 545; Sto. on Cont. § 849, c.

CURRIER, Judge, delivered the opinion of the court.

This is an action of *replevin* for a steam boiler, etc. The defendant purchased the property in dispute of the firm of Martin, Law & Wimbsy, who were at the time in possession, under a claim of title from the plaintiff as their vendor. The title of

Martin & Co. rested upon a contract in writing between them and plaintiff, dated October 23, 1861, as follows: "This agreement entered into between Wm. Griffin, of the first part, and G. Thomas Martin, etc., of the second part, viz: the party of the first part agreed to sell the parties of the second part an engine, etc., for the sum of $250, lawful money of the United States, in six months from date; the parties of the second part agree to return the engine, etc., to the party of the first part, in default of payment of the said amount at the time above named; interest at ten per cent. from date."

After the execution of this agreement, Martin & Co. took possession of the property, and, before the six months had expired or the $250 had been paid, sold it to the defendant, who made the purchase without notice of the plaintiff's rights. Upon this state of facts it becomes necessary to determine the character of the transaction between the plaintiff and Martin & Co. If the transaction, evidenced by the written agreement, constituted a conditional sale, then no title vested in Martin & Co., and the defendant acquired nothing by his purchase from them, for there is no suggestion of laches on the part of the plaintiff. (Parmelee v. Catherwood, 36 Mo. 479; and Little v. Page, decided at the present term.)

In determining the character of the transaction between the plaintiff and Martin & Co., the same rules of construction are to be applied to the agreement between them, in determining its meaning, that are employed in the construction of other written instruments. As the purposes of the parties can be collected from the writing, what results did they intend to accomplish by it? It is manifest that they did not contemplate an ordinary sale. The writing employed as evidence of the bargain is wholly different from the usual bill of sale. By a literal rendering of its language there was no sale at all, but only an "agreement" to sell at a future time. In law, a sale and an agreement to sell are quite distinct. By the writing, the plaintiff agrees to sell in "six months from date" for $250. This is language in no way suggestive of a present and absolute sale. Then Martin & Co. do not agree to buy the property, but to "return" it at the end

of six months in case the $250 should not be paid within that time. It is clear, beyond a question, that the parties did not contemplate a present actual sale and passing of title. The most that can be made of the transaction is that it constituted a conditional sale, by which the title was to pass on payment of the purchase money, and not before. Strong v. Taylor (2 Hill. 326) is a case strikingly like the present. In that case, which was also a *replevin* suit, the plaintiff had "agreed to sell" on condition that the purchase money was paid in a specified way, involving time in which to make the payment, as also a delivery of the property contracted to be sold. The other party agreed to buy on the terms specified. After the property was delivered to the bargainee, and before the purchase money was paid in full, it was levied upon as the property of the bargainee. It was held that the sale was conditional, and that no title passed thereby.

Judgment affirmed. The other judges concur.