Little v. Page.

Henry C. Little, Plaintiff in Error, *v.* Isaac N. Page, Defendant in Error.

1. *Sale — Property may be reclaimed, when.* — A. sold a certain mare to B., with the express agreement that, until the whole of the purchase money was paid over, the title should remain in A. Before payment of the purchase money due, and without the knowledge of A., B. sold the mare. *Held*, that B. had no vested right in the mare, and could convey no title by sale; and A., being guilty of no laches, might reclaim the property from an innocent purchaser without notice.

### *Error to Fifth District Court.*

*E. & J. M. Kinley*, for plaintiff in error, relied on 2 Kent's Com., 10th ed., p. 657, § 498; Hugh v. Palmer, 5 Johns. Ch. 437; Whitewell v. Vincent, 4 Pick. 449; Carlisle v. Gardner, 2 Hill., N. Y., 345; Russell v. Morrow, 22 Wend. 661; DeWolf v. Babbitt, 4 Mason, 294; Cox v. Hardin, 4 East. 211; Brown v. Hudgson, 2 Campb. 36; Browning v. Wendham, 5 Wend. 189; Haggerty v. Palmer, 6 Johns. 437; Clint. N. Y. Dig. 2917, §§ 34–6, p. 1441, §§ 113–15, 119, and authorities there cited; 1 Pars. on Cont., 5th ed., p. 537; 1 Chit. Blackst. 313; Hussey v. Thornton, 17 Mass. 606; 3 U. S. Dig. 368, §§ 228–31; Marston v. Baldwin, 17 Mass. 606; Hutchinson v. Watkins, 17 Iowa, 475; Wait v. Green, 35 Barb., N. Y., 585; Saltus v. Everett, 20 Wend. 267.

*H. S. Kelley*, for respondent, relied on Parmelee v. Catherwood *et al.*, 36 Mo. 479, and authorities there cited; Kitchell v. Vanadar, 1 Blackf. 356; Elliott v. Armstrong, 2 Blackf. 211; Shireman v. Jackson, 14 Ind. 459; Thomas *et al.* v. Winters *et al.*, 12 Ind. 322, and authorities cited; Plummer v. Sherby, 16 Ind. 380, and authorities cited; Hanway v. Wallace, 18 Ind. 377, and authorities cited; Dunbar v. Rawles, 28 Ind. 255, and authorities cited; 19 Maine, 154; 48 Ind. 501; 49 Ind. 213; 3 Cush. 257; 4 Cush. 195; 15 Iowa, 277; Forbes v. Marsh, 15 Conn. 384; 24 Ind. 427; 2 Pick. 512; 3 Gray, 545; 5 Gray, 306; 7 Gray, 158; 8 Gray, 159; 1 Pars. on Cont., 5th ed., p. 537, and notes; Sto. on Sales, § 313, and authorities there cited;

4 Wash. C. C. 588; 4 Mason, 294; 9 N. H. 298; 12 N. H. 299; 2 Saund. 418; 2 Pick. 512; 3 Mich. 9; 8 Maine, 25; 14 Ind. 460; 28 Ind. 225, 231.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought in the Andrew County Circuit Court, under the statute for the claim and delivery of personal property, to recover possession of a mare. The record discloses the following facts: The defendant Page, being the owner of the mare in controversy, sold her to one Hall for the sum of $100 — Hall paying $50 down, and agreeing to pay the balance within three months. By the terms of the contract, Hall was authorized to get the mare, and take her to and keep her on the premises, and under the control and in the possession of one Cobb (with whom Hall then made his home), until she was fully paid for. By agreement between the parties, the mare was not to be Hall's, but was to remain the property of Page until paid for, Hall having the right to use and break her. The mare was taken to Cobb's premises, and remained there three or four weeks, when Hall took her to St. Joseph and sold her to one Bullmore, without the knowledge or consent of either Page or Cobb, and without paying the balance of the purchase money. Bullmore sold the mare to plaintiff Little, who, it appears, knew nothing of the right or claim of Page. Upon hearing of the sale of the mare by Hall to Bullmore, Page went immediately in search of her, and endeavored to reclaim her; but Bullmore had sold her to plaintiff Little, and he failed to find her. Afterward the mare voluntarily returned to Page's premises, and he took possession of her, claiming her to be his until she was paid for, and refused to give her up to Little until he received the balance due from Hall, and which Little refused to pay.

The case was tried before the court, without the intervention of a jury; and upon the foregoing facts the court, for the plaintiff, declared the law to be " that if Page sold the mare to Hall, and gave him possession of her, Hall could pass a good title to her to an innocent purchaser, notwithstanding the condition between him and Page had not been complied with." The court refused, at

27—VOL. XLIV.

the instance of defendant, to give the following declaration of law: "That if the court should find that Page sold the mare to Hall for $100, and received $50, and the balance to be paid in three months; that Hall was to take her to Cobb's, to remain in Cobb's control and on his premises until paid for; that said Hall sold the mare without paying for her, and there was still any part of the purchase money unpaid, and the defendant Page was guilty of no laches, the plaintiff can not recover, although he may have bought the property of Hall's vendee without notice of defendant's claim on it or right thereto."

There was then a finding and judgment for the plaintiff, which was reversed in the District Court. The record shows beyond all controversy that the bargain between Page and Hall constituted a conditional sale; and it is a familiar rule that, until the conditions are fulfilled or complied with, the title does not pass.

In Parmelee v. Catherwood (36 Mo. 479) this court held that possession of personal property was presumptive evidence of title; but that, where a sale was made and possession given to the purchaser, yet if, by express agreement, the title was to remain in the sellers until the price was paid, the right of property was not vested in the purchaser until payment; and that, where the vendor had been guilty of no laches, he might reclaim the goods from a third party who took them in good faith and without notice.

Story, in his treatise on sales, holds the doctrine that a sale and delivery of goods on condition that the property is not to vest until the purchase money is paid or secured, does not pass the title to the vendee until the condition is performed; and the vendor, in case the condition is not fulfilled, has a right to repossess himself of the goods, both against the vendee and his creditors; and, also, if guilty of no neglect, the vendor may recover the goods so sold and delivered even from an innocent purchaser. And in support of this position he cites an overwhelming number of cases. (Perk. Sto. on Sales, § 313, note 2, and note 1 on p. 364.)

The cases are so numerous sustaining the same proposition, and the law appears to be so well established, that it could subserve no useful purpose to attempt a review of them. In the

Parker v. Hannibal & St. Joseph R.R. Co.

case at bar, possession was not given to Hall. The real possession, by agreement of all parties, was in Cobb, and Hall had the privilege of using the mare for the purpose of breaking her till the time arrived when, by the fulfillment of the conditions, the title should vest in him; that he violated his contract, and acted in bad faith, can not impair the right of Page. When he took the mare from Cobb's premises and sold her, his possession was wrongful, and did not invest him with any additional power. He had no vested right himself, and was incapable of transmitting any to another person. The defendant clearly proved the terms of the contract, and exercised all the diligence he could to retake and reclaim his property after the tortious sale.

The Circuit Court erred in giving plaintiff's instruction and refusing the instruction asked for by defendant, and the decision of the District Court in reversing its judgment must be affirmed. The other judges concur.