————o————

NATHANIEL M. RIDGEWAY and DANIEL D. RIDGEWAY, Plaintiffs, *vs.* HENRY KENNEDY, JOSEPH M. ROBINSON and JOHN TANNIHILL, Interpleaders and Defendants.

1. *Sale on condition—Does not pass title till when.*—A sale and delivery of goods on condition that the property is not to vest until the purchase money is paid or secured, does not pass the title to the vendee, until the condition is performed; and the vendor in case the condition is not fulfilled has a right to repossess himself of the good, both against the vendee and his creditors; and if guilty of no neglect, may recover the goods so sold even from an innocent purchaser.

*Appeal from Grundy Circuit Court.*

*Daniel Metcalf*, for Appellant.

*Burkholder, Hall and J. H. Shanklin*, for Respondent.

EWING, Judge, delivered the opinion of the court.

This was a suit by attachment before a justice of the peace. The writ was levied on certain goods as the property of

Kennedy, which were claimed by Robinson and Tannihill, and on a trial before the justice judgment was rendered for the interpleaders. Plaintiff appealed to the Circuit Court, where the cause was tried by a jury, and a verdict and judgment again rendered for the interpleaders.

On the trial the interpleaders read in evidence a paper signed by defendant Kennedy, showing a conditional sale and delivery of the property to him by Robinson and Tannihill.

The evidence also tended to prove that after the expiration of the time when Kennedy was to pay for the property the interpleaders demanded possession, but at his request they permitted him to retain it a short time gratuitously for the use of the family, and while in possession of Kennedy under these circumstances, it was levied on. It also appeared in evidence that Kennedy, when possession was claimed by the interpleaders, made no claim to the property but acknowledged that it belonged to them. The instructions given on behalf of the interpleaders were correct. A sale and delivery of goods on condition that the property is not to vest until the purchase money is paid or secured, does not pass the title to the vendee until the condition is performed; and the vendor, in case the condition is not fulfilled, has a right to re-possess himself of the goods, both against the vendee and his creditors; and if guilty of no neglect may recover the goods so sold even from an innocent purchaser. (Sto. on Sales, § 313, n. 2; *Id.*, p. 364, n. 1; Parmlee vs. Catherwood, 36 Mo., 479; Little vs. Page, 44 Mo., 412.)

The instructions asked by the plaintiff were framed upon the theory that the instrument read in evidence created merely a lien in favor of the interpleaders, and were therefore properly refused.

There is obviously no merit in the point made as to the admission of evidence.

The statement of Robinson testified to by the constable, was only what was said by him in asserting his claim to the property which was about being levied on. So, the declaration of Mrs. Kennedy, as testified to by the same witness, to the effect

that the property belonged to the interpleaders, though not strictly admissible, was confirmed by all the testimony in the case, and could not have prejudiced the plaintiff; and its exclusion could have had no tendency to produce a different result.

The judgment is for the right party and will be affirmed. The other judges concur.