ROBBINS, *Plaintiff in Error*, v. PHILLIPS.

**Conditional Sale**: BONA FIDE PURCHASER WITHOUT NOTICE: LACHES: WAIVER. A conditional vendor of personal property entitled by his contract to retake the property in case of condition broken, loses his right as against one who purchases from the conditional vendee *bona fide* and without notice of the condition, if the vendor is guilty of laches in asserting his right, or if his conduct has been such as to waive performance of the condition.

*Error to New Madrid Circuit Court.*—HON. D. L. HAWKINS, Judge.

*Lay & Belch* for plaintiff in error.

SHERWOOD, C. J.—Plaintiff brought replevin for a mouse-colored mule, named " Ginn," otherwise known as the Coffee mule. The evidence adduced at the trial, was shortly, this : Coffee bought the mule of defendant, Phillips, in the spring of 1874. The terms of the purchase were, that Coffee was to give his note and security in a few days for the mule ; and until he did this, the mule was to remain the property of Phillips. Coffee took the mule, but never gave his note until the next fall, and even then, the note was signed by Coffee alone. Plaintiff bought the mule of Coffee January 24th, 1875, paid him for it, took the mule home and was not aware of the terms upon which Coffee had purchased. Phillips sued on the note soon after he received it; recovered judgment December 11th, 1874 ; upon this judgment had execution issued April 5th, 1875, by virtue whereof, the constable, on the 12th of that month, at the instance of Phillips, levied on the mule and took it out of plaintiff's possession, who, thereupon, brought this suit against the constable and Phillips, who, in their answer, denied the plaintiff's allegations ; Phillips alleging that he himself was the owner of the mule.

No instructions were asked or given, and the question presented is, whether the evidence justifies the finding. We are not of opinion that it does, or that it has any ten-

dency in that direction. There is no doubt, under the rulings of this court, that personal property may be sold upon condition, and while the condition remains unperformed, the right of property does not become vested in the purchaser. *Parmlee v. Catherwood*, 36 Mo. 479, and cases cited; *Little v. Page*, 44 Mo. 412 ; *Ridgeway v. Kennedy*, 52 Mo. 24. But it is also well settled by the authorities just cited, that, though in such cases the reserved right of the vendor may be asserted even against a purchaser *bona fide*, yet, that this cannot be done when the vendor is guilty of laches. That the vendor has been thus in fault we do not doubt; the note of Coffee, with security, was to have been given "in a few days," but the note was not thus given until some six or seven months after the sale, and then without the promised security—meanwhile Coffee remained in possession, the apparent owner. Again, not only was the vendor thus negligent, but the evidence clearly shows that he had waived the performance of, and thus abandoned his right to insist upon, the condition upon which the sale was made. He might have insisted upon his right to have had either the condition performed or the property restored ; he did neither, but by his conduct, then and subsequently, clearly showed that whatever right and intention he may originally have had or entertained, had been waived or abandoned. *Dannefelser v. Weigel*, 27 Mo. 45. Judgment reversed and cause remanded. All concur.

REVERSED.