MATTHEWS, *Plaintiff in Error*, v. McELROY.

In a Conditional Sale the Title only Passes upon Compliance with the Condition. At a public sale on the 13th day of August, 1878, a carriage was sold to plaintiff upon a credit of six months without interest, the purchaser to give notes with approved security. With this condition he did not comply, but left the carriage upon an understanding that it was not to be taken away until paid for. On the 9th day of October, 1878, the vendor sold the carriage to the defendant; and about the 1st day of February, 1879, the plaintiff called to pay for and take away the carriage; *Held*, that neither the right of property nor the right of possession passed to plaintiff in virtue of his having bid off the carriage at the sale, and that, under the understanding, he could only have acquired such right by paying for the carriage within a reasonable time.

*Error to Louisiana Common Pleas Court.*—HON. G. PORTER, Judge.

AFFIRMED.

*W. H. Biggs* for plaintiff in error.

*Smith & Krauthoff* with *E. T. Smith* for defendant in error.

NORTON, J.—This is a suit in the nature of replevin begun in the Louisiana court of common pleas to recover the possession of a certain carriage. On the trial of the cause defendant obtained judgment, and plaintiff brings the case to this court by writ of error, and seeks a reversal thereof upon alleged errors of the court in giving and refusing instructions.

It appears from the record before us that T. G. Stark and J. N. Jump were the administrators of the estate of W. C. Duncan, deceased, and on the 13th day of August, 1878, had a public sale of the personal property of said estate; that the carriage in question was bid off at said sale by plaintiff at $61; that the terms of the sale were a credit of six months without interest, the purchaser to give notes

with approved security; that plaintiff did not comply with these terms, but, as he states in his evidence, "late in the evening after the sale he had a talk with one of the administrators about the carriage, and stated to him that he did not like to ask any one to go his security, and proposed in lieu thereof to leave the carriage on the place with a son of the deceased as security for the amount bid; that the carriage was so left and was not to be taken until he paid for it, and that nothing was said as to when he was to send for it."

Mr. Stark, one of the administrators, testified as follows: "Was present at sale of personal property belonging to estate of Wm. C. Duncan. I am one of the administrators. Plaintiff bought the carriage in controversy, at the sale. Plaintiff said to me that he would leave the carriage on the place, with Charles Duncan, and that he would pay when he sent for it. Plaintiff said that he did not want to give a note. I had conversation with plaintiff at my house, about the 1st day of February, 1879. Plaintiff said that he had come to pay me for the carriage, as the money was about due. I told him that I had sold the carriage to McElroy; that I supposed he intended to send for the carriage in a few days, and wanted to pay cash instead of giving a note. I said nothing to plaintiff about sending for carriage. I feared, if I did, he would be offended. It was not my business."

The evidence shows that the carriage was subsequently sold on the 9th day of October, 1878, by the administrators to defendant. The evidence also tends to show that plaintiff, about the time suit was brought, offered to pay defendant what he had paid for the carriage and the amount expended by him in having it repaired, which offer was declined.

The court tried the case on the theory that plaintiff had neither the right of property nor right to the possession of the carriage, in virtue of his having bid it off at the sale, for the reason that he did not comply with the terms of sale by giving his note with security, and that he had

no such rights by reason of the understanding had after the sale between the administrators and himself, because as no time was agreed upon when plaintiff was to pay for the carriage and entitle himself to the possession by so doing, his right to the carriage was dependent upon his paying for it within a reasonable time. The court was justified in trying the cause upon the above theory by the following cases: *Little v. Page*, 44 Mo. 412; *Parmlee v. Catherwood*, 36 Mo. 479; *Southwestern F. & C. P. Co. v. Stannard*, 44 Mo. 71, and *Griffin v. Pugh*, 44 Mo. 326. It is unnecessary to notice the instructions further than to say that those given were in accord with the theory upon which the case was tried.

The judgment on the record is for the right party and is hereby affirmed. All concur.