## KINGSLAND–FERGUSON MANUFACTURING COMPANY, *Appellant*, v. CULP.

1. **Personal Property, Conditional Sale of.** A sale and delivery of personal property prior to the going into effect of the act of March 15, 1877 (Laws, p. 320 ; R. S., sec. 2505), on condition that the title was to remain in the vendor until the purchase price was paid, did not pass the title to the vendee until the condition was complied with, and if the purchase price was not paid the vendor could recover possession of the property either of the vendee or of a purchaser from him, and recovery could be had of such purchaser notwithstanding he was a *bona fide* one and without notice of the condition.

2. **Laches.** No laches was imputable to the plaintiff in this case to bar its recovery.

*Appeal from Newton Circuit Court.*—HON. M. G. MC-GREGOR, Judge.

REVERSED.

*George Hubbert* for appellant.

(1) The sale being a conditional one, the title did not vest in the vendee, and a *bona fide* purchaser is not protected. *Sumner v. Cottey,* 71 Mo. 121 ; *Wangler v. Franklin,* 70 Mo. 659 ; *Ridgeway v. Kennedy,* 52 Mo. 24 ; *Parmlee v. Catherwood,* 36 Mo. 479 ; *Little v. Page,* 44 Mo. 412. (2) The plaintiff was guilty of no neglect or laches which would bar his recovery. *Powell v. Bardlee,* 9 G. and J. (Md.) 220 ; *Farlow v. Ellis,* 15 Gray 229. (3) A creditor can pursue two or more concurrent remedies without prejudice to his substantial rights, and until he obtains satisfaction cannot be questioned. *Thornton v. Pigg,* 24 Mo. 251 ; *Burnheimer v. Hart,* 27 Iowa 19 ; *State, etc., v. Dean,* 40 Mo. 468 ; *State, etc., v. Doan,* 39 Mo. 44. (4) No estoppel can be invoked against plaintiff. *Taylor v. Zepp,* 14 Mo. 482 ; *Spurlock v. Sproule,* 72 Mo. 509 ; *Bates v. Perry,* 51 Mo. 453 ; *Zuchtman v. Roberts,* 109 Mass. 53.

*Smith & Krauthoff* for respondent.

(1) Where the vendor, in cases of conditional sales, is guilty of laches, he cannot reclaim the property, when the price has not been paid, from one who has purchased from the vendee in good faith and without notice. *Parmlee v. Catherwood*, 36 Mo. 480; *Little v. Page*, 44 Mo. 412; *Ridgeway v. Kennedy*, 52 Mo. 24; *Robbins v. Phillips*, 68 Mo. 100; Wells on Replevin, sec. 343; *Sanders v. Keber*, 28 Ohio St. 630. The evidence shows plaintiff to have been guilty of such laches as to bar recovery by him. (2) The answer of the defendant "prays judgment for a return of the property seized in the cause," which meets fully the requirement of section 3854, Revised Statutes. Plaintiff did not observe this, else the first point contained in its brief would have been omitted. (3) It has been expressly decided that while the party cannot be compelled to elect whether he will take the property or its value, before the property has been delivered to the sheriff under the judgment of the court, yet, when he does so elect after verdict in his favor, the court may properly render a simple money judgment in pursuance of such election. *White v. Graves*, 68 Mo. 218; *Wooldridge v. Quinn et al.*, 70 Mo. 370.

*L. M. Lloyd* also for respondent.

(1) The judgment against the Edwards for the value of the "thresher outfit" operated to transfer the title to the Edwards and to estop a claim by appellant to the property. *Bank of Beloist v. Beale*, 11 Abb. 375; 20 How. 331; 19 How. 91; 2 Whittaker's Practice (3 Ed.), 101. (2) The notes and the clause relied on by appellants as creating the conditional sale merged into the judgment obtained by appellant against the Edwards

in February, 1879, and before respondent purchased the "thresher outfit." *Cooksey v. Railroad*, 74 Mo. 477; Freeman on Judgments (2 Ed.) secs. 215, 216, 217; *Blake v. Downey*, 51 Mo. 438; *Union R. R. & T. Co. v. Troube*, 59 Mo. 355. The cause of action is changed into a matter of record, which is of a higher nature, and the inferior remedy is merged in the higher. Bigelow on Estoppel (2 Ed.) note 5, pp. 50, 51. In *United States v. Price*, 9 How. 83, the court said "that a judgment was an extinguishment of the bond. It no longer existed as a security, being superceded, merged and extinguished in the judgment. The creditor had no longer any remedy, either at law or in equity, on his bond, but his remedy was on the judgment." Bigelow on Estoppel (2 Ed.) 56, 57, 219, and note 4, p. 220. (3) The appellant had ample time to insist on its right to have the condition performed or the property restored, but it did neither, and by its conduct for four years, clearly showed that whatever right or intention it may have had, had been waived or abandoned. *Robbins v. Phillips*, 68 Mo. 101.

NORTON, J.—This is a suit in the nature of replevin to recover certain specific personal property described in the petition, and known as the "thresher outfit." Defendant obtained judgment, from which the plaintiff has appealed. The facts are as follows:

In July, 1876, plaintiff sold to J. W. Edwards, W. L. Edwards, and P. H. Edwards, the thresher outfit, for which they executed two notes for two hundred and ten dollars each, one of them payable on the first of November, 1876, and the other on the first day of October, 1877, in both of which notes it was expressly provided that the title or ownership of the property should not pass from the plaintiff until the property was fully paid for; that soon after the maturity of the first note, defendants made a payment of one hundred and fifty dol-

lars thereon; that on the twenty-second of January, 1878, about three months after the maturity of the second note, suit was brought on both notes in the Newton county circuit court, and judgment obtained for the balance due in February, 1879, against two of the Edwards (one of them, W. L. Edwards, not being served); that execution issued on the judgment and was returned to the February term, 1880, not satisfied; that this suit was begun on the twelfth day of July, 1880, against defendant Culp, who, in the last of June or first of July, 1879, bought the property of J. W. Edwards, paying therefor one hundred and fifty dollars in cash, and executing his note for one hundred dollars; that defendant, so far as the record shows, had no knowledge or notice of plaintiff's claim.

On this state of facts, the court refused instructions asked by plaintiff, to the effect that under the conditions of the sale plaintiff was entitled to recover, although the jury might believe that defendant was a purchaser without notice of plaintiff's claim, and gave the following:

"The court instructs the jury that although the plaintiff made a conditional sale of the machine to J. W. Edwards and others, and it was provided in the note given for the purchase price of the machine that the ownership thereof should remain in plaintiff until the said machine was paid for; yet, if said note became due in 1876, and said machine was allowed to remain in possession of Edwards long after the maturity of said note, and was never taken out of their possession, and if the defendant, in the year 1879, bought said machine in good faith of the Edwards and paid a valuable consideration therefor without any notice of plaintiff's claim, then plaintiff cannot recover in this action."

It is established by the following authorities that where there is a sale and delivery to the vendee of personal property, on the condition that the title is to re-

main in the vendor until the purchase price is paid, until this price is so paid the title does not pass to the vendee, and in the event of its non-payment, the vendor may recover possession of the property either of his vendee or of a *bona fide* purchaser from such vendee without notice of such condition, if guilty of no laches : 36 Mo. 479 ; 44 Mo. 412 ; 52 Mo. 24 ; 70 Mo. 659 ; 71 Mo. 121. As to what will amount to such laches as will prevent the vendor from asserting his right against an innocent purchaser, we have been unable to find any rule laid down, and the question has been determined in the cases which have fallen under our observation by the facts and circumstances attending the particular case.   Looking at the case before us in the light of the facts we cannot impute such laches to the plaintiff.   His rights under the contract were to have the purchase price agreed to be paid, and in the event of non-payment, to recover the property sold.   As no voluntary payment, except fifty dollars, had been made by the vendees, plaintiff, as was his right, within three months after the maturity of the last note,  instituted his suit on both notes, the writ being returnable to the first term of the Newton county circuit court held after the right of action accrued, obtained judgment, issued execution, which was returned February, 1880, not satisfied.   It thus appearing that the vendees did not voluntarily pay the purchase price, and that its payment could not be enforced by legal process, this suit was instituted, the writ of summons being returnable to the first term of the circuit court to be held after the execution was returned unsatisfied.   As plaintiff availed himself of the remedies he was entitled to under his contract at the earliest time practicable after his rights accrued; we cannot impute to him such laches as forbids a recovery in this suit.

The decision in the case of *Robbins v. Phillips*, 68 Mo. 101, to which we have been cited by counsel, was put upon the express ground that the vendor, by accept-

ing a note without security, in fulfillment of the contract of sale made six months before suing, recovering judgment thereon and levying the execution on the horse sold as the property of the vendee and defendant in the execution, amounted to an abandonment and waiver of his right under the contract of sale as originally made. The doctrine invoked by defendant's counsel that a note or bond, when reduced to judgment, is merged in the judgment, has no application to the facts in this case. Section 2505, Revised Statutes, has no application to the facts in this case, inasmuch as the rights of plaintiff accrued under a contract made prior to its enactment.

For the error committed in giving the instruction herein quoted, and in refusing to give those of plaintiff referred to, the judgment is reversed and the cause remanded. All concur.