DEFIANCE MACHINE WORKS, Defendant in Error, v. J.
W. TRISLER, Plaintiff 'in Error.

St. Louis Court of Appeals, February 23, 1886.

21a  69
32a  281
21   69
35   589
21   69
108m455

1. SALES—CONDITIONAL—STATUTE CONSTRUED.—The word creditors, as used in sections 2505 and 2507, of the Revised Statutes, concerning conditional sales, means subsequent creditors.

2. ———— MORTGAGES—FORECLOSURE SALES.—A conditional sale of a machine, under the terms of which the title does not pass to the vendee until the payments provided for are made, will not enable the mortgagee of the house in which the machine is placed to ·sell the same at a foreclosure sale under a mortgage of the house · and all the machinery therein or to be thereafter placed therein, although he had no notice of the terms of the sale of the machine.

ERROR to the Washington County Circuit Court, JOHN L. THOMAS, Judge.

*Affirmed.*

JOHN JOHNSTON, for the plaintiff in error: The defendant had no notice of the conditions of the sale. Rev. Stat., sect. 2507. The deed of trust covered the machine as soon as it was placed in the factory. *Wright v. Bircher*, 72 Mo. 179; *Railroad v. Cowdrey*, 11 Wall. 459; *Frank v. Playter*, 73 Mo. 673; *Rutherford v. Stewart*, 79 Mo. 216.

R. T. STILLWELL, for the defendant in error: The title to the machine did not pass. Benj. on Sales, sect. 320; *Dennefelser v. Weigel*, 27 Mo. 45; *Ridgeway v. Kennedy*, 52 Mo. 24; 21 Am. Law Reg. 217; *Ballard v. Burgett*, 40 N. Y. 314; *Austin v. Dye*, 46 N. Y. 500; *Enlow v. Klein*, 79 Pa. St. 488. And if the vendor has been guilty of no laches he may reclaim the goods, even from an innocent purchaser. *Griffin v. Pugh*, 44 Mo. 326; *Little v. Page*, 44 Mo. 412.

THOMPSON, J., delivered the opinion of the court.

This is an action of replevin for a machine called a hub lathe; submitted to the court on an agreed statement of facts. The verdict and judgment were for the plaintiff. The facts were that the defendant was a beneficiary in a deed of trust, duly recorded, embracing the hub factory of Shuman, · Hickman & Company, at Potosi, Missouri, which deed, by its terms, covered any machinery, tools, and fixtures which might thereafter be acquired by Shuman, Hickman & Company, and placed on the premises; that thereafter the plaintiff sold to Shuman, Hickman & Company, on credit, to be paid for in installments, the hub lathe in question, by a written contract of sale, which provided that the title should remain in the plaintiff until all the installments were paid, and delivered it to Shuman, Hickman & Company, who placed it in their hub factory among the property covered by the deed of trust above mentioned; that this conditional contract of sale was never recorded; that thereafter, default having been made in the payment of the debt secured by the deed of trust, the trustee in the deed, in pursuance of the terms thereof, sold the property embraced therein, and also assumed to sell the hub lathe in controversy, the defendant being the purchaser; that no part of the purchase money agreed to be paid by Shuman, Hickman & Company to the plaintiff for the hub lathe has been paid. Upon these facts, the circuit court, sitting as a jury, rendered a verdict and judgment for the plaintiff.

Prior to 1877 the law in this state was, that where personal property was sold and delivered upon an agreement, the title should not pass until the purchase money was paid, no title passed until this condition was fulfilled, and the vendor, if guilty of no laches, might recover it, even from an innocent purchaser of the vendee. *Parmlee v. Catherwood*, 36 Mo. 480; *Little v. Page*, 44 Mo. 412; *Griffin v. Pugh*, 44 Mo. 326; *Ridgeway v.*

*Kennedy,* 52 Mo. 24 ; *Matthews v. McElroy,* 79 Mo. 202 ; *Kingsland-Ferguson Manufacturing Company v. Culp,* 85 Mo. 548. This rule was found to be productive of fraud, injurious to innocent purchasers of personal property, and of a tendency to obstruct the free transfer of such property. It was, therefore, repealed by the legislature, in 1877, by a statute which is now embodied in the Revised Statutes, forming the second clause of section 2505, and the whole of sections 2507 and 2508. The provisions of this statute, so far as applicable to the case before us, are as follows : "And no sale of goods and chattels, where possession is delivered to the vendee, shall be subject to any condition whatever as against creditors of the vendee, or subsequent purchasers from such vendee in good faith, unless such condition shall be evidenced by writing, executed and acknowledged by the vendee, and recorded as now provided in cases of mortgages of personal property." Rev. Stat., sect. 2505. "In all cases where any personal property shall be sold to any person, to be paid for in whole or in part in installments, or shall be leased, rented, hired, or delivered to another, on condition that the same shall belong to the person purchasing, leasing, renting, hiring, or receiving the same, whenever the amount paid shall be a certain sum, or the value of such property, the title to the same to remain in the vendor, lessor, renter, hirer, or deliverer of the same, until such sum, or the value of such property, or any part thereof, shall have been paid, such condition, in regard to the title, so remaining until such payment, shall be void as to all subsequent purchasers in good faith, and creditors, unless such condition shall be evidenced by writing executed, acknowledged, and recorded, as provided in cases of mortgages of personal property." *Ibid,* sect. 2507.

Although the word "creditors" is used in the statute without qualification, and the word "purchasers" is qualified by the word "subsequent," yet we are clear, in view of the manifest purpose of the statute, that the

word creditors should be construed to mean *subsequent creditors*. This construction comports with the general policy of all acts which require the recording of instruments conveying personal property. That policy is, that a person shall not be allowed, by the possession of personal property which does not belong to him, or upon which another has a secret lien, to acquire a false credit to the injury of those who may deal with him, either by giving him credit, or by becoming purchasers of the property. But the statute was never intended to enable a prior creditor to get title to the property of a stranger on no better ground than the fact that the stranger had been so incautious as to intrust the possession and use of the property to his debtor. If this meaning were ascribed to the statute, it would be as odious as the rule of the ancient common law, which allowed the landlord to distrain the cattle of a stranger found on his land in satisfaction of the rent due from the tenant of such land. It would be a mere legalized robbery. A law which would thus authorize the taking of the property of A to pay the debt of B would involve such a monstrous injustice that the legislature can never be supposed to have intended such a result.

As the deed of trust was executed prior to t e conditional purchase of the property by Shuman, Hickman & Company, from the plaintiff, the lien of the deed of trust never attached to it, because the title to it always remained in the plaintiff and never vested in Shuman, Hickman & Company. The trustee under the deed of trust could sell no more than Shuman, Hickman & Company had power to convey under the deed, and could pass title to a purchaser to no other property.

The judgment will be affirmed. It is so ordered. All the judges concur.