JAMES W. TUFTS, Respondent, v. GEORGE R. THOMPSON
ET AL., Appellants.

Kansas City Court of Appeals, June 14, 1886.

1. VENDOR AND VENDEE—VENDOR RETAINING TITLE UNTIL PAYMENT—
CASE ADJUDGED.—Where, as in this case, the contract contains an
express stipulation, that until the several sums are paid the title
shall remain in the vendor, and that upon the failure of the ven-
dees to make payment of any one of the sums, according to the
tenor and effect of the promise, the vendor may retake possession
of the property : *as between the vendor and vendees* the title to the
property remained in the vendor. The act of 1877, now incorpor-
ated in sections 2505, 2507, 2508, Revised Statutes, in no wise af-
fected the rule, as between vendor and vendee ; it only invalidates
such contracts, when *not acknowledged and recorded, in favor of
subsequent purchasers and creditors in good faith,* etc.  In case of
a voluntary assignment, under the statute, by the debtors (vendees)
the assignee occupies no better situation than his assignors.  This
statute only postpones the claims of such a vendor, who has failed
to have his contract duly acknowledged and recorded, in favor of
*subsequent* purchasers and *creditors* in good faith without notice.
It does not apply to debts created *prior* to the sale of the
property.

2. CONTRACT—CONSIDERATION—ASSUMPTION OF DEBT OF INDIVIDUAL
PARTNER BY PARTNERSHIP—CASE ADJUDGED.—There is no *new* con-
sideration in the assumption by the partners, as such, of the indi-
vidual debt of a member of the firm, without any consideration
moving the firm thereto.  It is a perversion of partnership respon-
sibility and an attempted wrongful diversion of partnership assets,
pledged to the payment of *partnership debts,* before one dollar
could be taken for the debts of the individual partner.  And, in
this case, under the assignment, it would have been the plain duty
of the assignee of the debtors (vendees), in this case, to resist the
mortgages (given for the debt of one partner), and to see that they
were postponed in favor of the creditors of the firm.

APPEAL from Jackson Circuit Court, HON. TURNER
A. GILL, Judge.

*Affirmed.*

The case and facts are stated in the opinion.

BOTSFORD & WILLIAMS, B. F. DEATHERAGE, and JAMES C. RIEGER, for the appellants.

I. On the undisputed facts, Campbell, Bond, and the Bank of Commerce, were mortgagees of the property in dispute without notice of the unrecorded conditional sale from plaintiff to the mortgagors, and said defendants (Campbell, and others), as such mortgagees, being innocent purchasers, in good faith, of the property, the unrecorded conditional sale, relied upon by plaintiff, is void, and the judgment should have been for defendants and against plaintiff. Laws of Mo., 1877, 320; sects. 2505, 2507, 2508, Rev. Stat.; 1 Jones on Mortgages, sect. 459; *Cary v. White*, 52 N. Y. 138; *Hodges v. Black*, 76 Mo. 537; *Cass County v. Oldham*, 75 Mo. 50; *Kingsland v. Dunn*, 80 Mo. 649; *Chrysler v. Renois*, 43 N. Y. 209; *Podgett v. Lawrence*, 10 Paige (N. Y.) 170.

II. On the undisputed facts, defendants were and are creditors of Smith & Faris, the vendees of the property in dispute from the plaintiff, and the condition upon which the sale thereof to said vendees was made, not having been acknowledged or recorded, is void as to said defendants, as such creditors, irrespective of their mortgages, or the validity thereof, or whether the mortgages, if valid, constituted said defendants purchasers of the property from said vendees.

III. The *third* declaration of law, given by the court below, for the plaintiff, declaring the grounds upon which that court found and gave judgment for the plaintiff, is erroneous.

IV. Even a fraudulent deed is good against all the world except creditors who are defrauded. *Johnson v. Jeffries*, 30 Mo. 423; Bump on Fraudulent Conveyances, 458.

V. The statute, by its terms, embraces "creditors," without qualification, and under it creditors prior and

subsequent are protected.    *Wright v. McCormick*, 67
Mo. 426 ; Bump on Fraud. Conv. 502.

·  Lathrop & Smith, for the respondents.

I.   As between plaintiff and the assignors, the con-
tract between them was valid.    *Parmlee v. Catherwood*,
36 Mo. 479 ; *Little v. Page*, 46 Mo. 212 ; *Wangler v.
Franklin*, 70 Mo. 659 ; *Summer v. Coffey*, 71 Mo. 121 ;
Benjamin on Sales (4 Ed.) 320.    So it is good as against
their assignee.    *Haeussler v. Teichman*, 10 Mo. App.
594 ; *Hawks v. Pretzloff*, 51 Wis. 160 ; *Roberts v.
Austin*, 26 Iowa 315.

II.   By legislative enactment, the matter of volun-
tary assignments has been so regulated and curtailed in
this state as to prevent and forbid preferences, in an as-
signment for the benefit of creditors.    Rev. Stat., 1855,
sects. 1 and 39 ; Gen. Stats., 1865, ch. 112, sect. 1 ; Wag.
Stat., ch. 9, sect. 1 ; Rev. Stat., 1879, ch. 5, sect. 1 ;
*Shapleigh v. Baird*, 26 Mo. 326 ; *Crow v. Beardsley*,
68 Mo. 435.    Whenever a debtor attempts, under a gen-
eral assignment, to give a preference to certain creditors,
as if by one act the debtor parts with dominion over his
property, and as part of one transaction executes mort-
gages upon all his property to creditors, the mortgages
are void, and the property would pass to the assignee,
under the general assignment, instead of to the mort-
gagees.    Sect. 354, Rev. Stat. ; *Crow v. Beardsley*, 68
Mo. 435 ; *Van Patten v. Marks*, 52 Iowa 518 ; *Ring v.
Ring*, 12 Mo. App. 96 ; *Miner's Nat. Bk. Appeal*, 57
Pa. St. 193 ; *State v. Benoist*, 37 Mo. 510 ; Burrill on
Assignments (3 Ed.) 495.

III.   Section 2505, Revised Statutes, has no applica-
tion here.    It applies to actual sales, and not to *condi-
tional* sales, with stipulated terms.    Sect. 2505, Rev.
Stat. ; Benjamin on Sales (4 Ed.) sects. 1 and 320 ; *Claf-
flin v. Rosenberg*, 42 Mo. 450 ; *Forrester v. Moore*, 77
Mo. 663 ; 67 Mo. 429.

IV.   The debts of these mortgagees were all pre-

existing and antecedent to the possession of this property by the vendees. Such antecedent debts do not make such antecedent creditors "purchasers in good faith." *Manhattan Co. v. Evanstone*, 6 Paige (N. Y.) 457; *Agricultural Bank v. Dorsey*, 1 Freeman Ch. (Miss.) 343; *Thompson v. Van Vechten*, 27 N. Y. 581; *Wood v. Robinson*, 22 N. Y. 567.

V.   The case of *Gummersell v. Handbloom* (19 Mo. App. 274), is distinguishable from this.

PHILIPS, P. J.—This is an action in replevin   The facts, essential to a proper understanding of the questions to be decided, are about as follows:

On the eighth day of April, 1884, the plaintiff sold to Smith & Faris, partners, doing business as druggists, in Kansas City, a soda fountain, for which Smith & Faris executed to plaintiff their written promises, maturing at different times.   The contract contained an express stipulation that until the several sums were paid, the title of the property should remain in the vendor, and that upon the failure of the vendees to make payment of any one of the sums, according to the tenor and effect of the promise, the plaintiff might retake the possession of the fountain; but this contract was not acknowledged nor recorded.   No part of these sums have been paid, though some of them were past due at the date of the institution of this suit.

On the thirty-first day of May, 1884, while Smith & Faris were in possession of said fountain in their drug store, they gave to the defendants, other than Thomas, severally, their promissory notes, for different sums; and, to secure their payment, executed several mortgages on the stock of drugs and fixtures, including the soda fountain in question.   On the same day of the execution of these notes and mortgages, Smith & Faris made an assignment for the benefit of their creditors, to the defendant Thomas, as assignee.   Thomas, having possession of the fountain as such assignee, and refusing to surrender

the same to plaintiff on demand, this action was instituted. By stipulation of parties, the mortgagees were admitted to come in as defendants to litigate the validity of their respective mortgages, as against the plaintiff and the assignee.

On trial had before the court sitting as a jury, the court found the issues for the plaintiff. Defendants prosecute this appeal.

I. As between Tufts, the vendor, and Smith & Faris, the vendees, the soda fountain remained the property of plaintiff. This was the well settled law of this state prior to 1877. *Parmlee v. Catherwood*, 36 Mo. 480; *Little v. Page*, 44 Mo. 412; *Mathews v. McElroy*, 79 Mo. 202; *Kingsland–Ferguson Manufacturing Co. v. Culp*, 85 Mo. 548. The act of 1877, now incorporated in sections 2505, 2507, 2508, Revised Statutes, in no wise affected the rule as between vendor and vendee. This statute only invalidates such contracts when not acknowledged and recorded, in favor of subsequent purchasers and creditors in good faith, etc.

As a corrolary of this proposition, Thomas, the assignee of Smith & Faris, occupies no better situation than his assignors. He took the property burdened with the same incidents and infirmities as to the title, and subject to the same equities, which attached to it in the hands of the assignors. *Brown v. Heathcote*, 1 Atk. 162; *Wakeman v. Barrow*, 2 N. W. Rep. 50; *Fletcher v. Marcy*, 2 Story Rep. 565; *Donald's Assignee v. Farewell*, 93 U. S.; *Horschon v. Conway*, 98 Mass. 150; *Mitchell v. Winslow*, 2 Storey Rep. 637; *Hawk v. Pritzloff*, 51 Wis. 160; *Roberts v. Austin*, 26 Iowa, 315.

II. It must follow that if the mortgagees can take this property from the plaintiff, which is the legal effect of their *status* in this action, it must be by virtue of the statute above referred to.

It is held by the St. Louis court of appeals, in *Defiance Machine Works v. Trisler* (21 Mo. App. 69), that

this statute only postpones the claim of such a vendor, who has failed to have his contract duly acknowledged and recorded, in favor of subsequent purchasers and creditors in good faith, without notice. It does not apply to debts created prior to the sale of the property. This construction is in accord with my preconceived view, and the argument of Thompson, J., who delivered the opinion, has confirmed and strengthened it.

If, therefore, the mortgagees are neither subsequent creditors nor purchasers within the terms of the statute, the plaintiff should prevail. The evidence at the trial was, without contradiction, that all the notes given by Smith & Faris, on May 31, 1884, were given in consideration of notes held by the parties long prior to April 8, 1884, and the original notes were not notes or debts of the firm of Smith & Faris, but were the debts of individual members of the firm.

Counsel for appellant seek to escape the force of this fact by the assumption that there was a new consideration to support the notes of May 31. After a careful examination of the facts, as presented in this record, we fail to find any satisfactory evidence to support this contention. The firm of Smith & Faris never received one cent, nor even a promise, for the making of the firm notes for the individual debts. It was a bald assumption by the partners, as such, of the debts of one member of the firm, without any consideration moving the firm thereto. It was a perversion of partnership responsibility, and an attempted wrongful diversion of partnership assets, pledged to the payment of partnership debts before one dollar could be taken for the debts of the individual partner. It would have been the plain duty of the assignee of Smith & Faris to resist the mortgages, and to see that they were postponed in favor of the creditors of the firm.

The evidence, for instance, shows that Campbell's claim arose in February, 1884, for which he held the in-

dividual note of Faris, secured by chattel mortgage of household goods, and on the individual interest of Faris in the drug store. It is suggested by counsel for Campbell that the consideration for the note was the surrendering up of the individual note and the cancellation of the chattel mortgage.

This fact seems to have occurred alone to the mind of the able counsel at this hearing. It certainly never so occurred to Campbell. In his testimony he expressly stated "that these original notes were the consideration for the giving of said note of May 31 ; that when said note of May 31 was given, said original notes were not given back to Smith." On the contrary, the original notes were in the hands of Campbell's attorney, at the time of the trial of this cause.

So of the claim of the bank. One Overly held the individual note of Smith, dated January 29, 1884. Overly sold this note to the defendant bank. The bank had nothing to do with the transaction of May 31. Overly seems to have managed the matter in his own interests. He simply indorsed the new note over to the bank. It was simply an additional security, as Overly supposed, for his own protection. The bank parted with nothing. It lost nothing by the transaction. As to the other note, that of Mrs. Smith—the wife of Smith, of the firm of Smith & Faris—there is not the shadow of a pretense to hang the claim on that there was any new consideration. She held the individual note of her husband, executed to her in February previous. She had nothing to do, personally, with the manœuvers of May 31. Her husband, doubtless, *con amore*, sought to strengthen her security by giving her the firm's note and mortgage. She never surrendered the original note.

The truth is, that no impartial mind can read this record without being impressed with the fact that, when these creditors of the individual members of the firm of Smith & Faris discovered that the concern was on the verge

of a collapse, and being aware that there were no other sources of payment outside of the partnership assets, they rushed in, and obtained the assent of Smith & Faris to make the debts partnership debts and secure them, if possible, by mortgages on the partnership assets.

The transaction was without consideration moving to Smith & Faris, or any sacrifice on the part of the mortgagees. It was an attempt to perpetrate a fraud upon the partnership creditors.

III. We shall not discuss the suggestion that these mortgagees are subsequent purchasers in contemplation of the statute. The statute admits of no such construction. *Fleming, Adm'r, v. Clark, ante*, p. —; *Goodman v. Simmons*, 19 Mo. 106; *Terrey v. Hickman*, 1 Mo. App. 123–4.

IV. The court below, it is quite probable, found that the mortgages and deed of assignment were made so near together in point of time, and in view of all the surrounding circumstances, as to constitute, in contemplation of law, but one transaction. Speaking for myself, the instruction touching this issue correctly stated the law ; but as the case was decided in favor of the right party, on the other branch already discussed, it is not necessary to pass upon any other matter in the record.

The judgment of the circuit court is affirmed. All concur.