THE STATE to use of NELSON DISTILLING COMPANY, Respondent, v. GREEN TREE BREWERY COMPANY, Appellant.

**St. Louis Court of Appeals, October 30, 1888.**

Personal Property: VENDOR AND VENDEE. When goods are sold for cash on delivery and the vendor sends them to the store of the vendee, but neither receives the money when demanded, nor waives the condition of payment as necessary to complete the sale, the property remains in the vendor, and cannot be lawfully seized as the property of the vendee.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*Rassieur & Schnurmacher*, for the appellant.

The court erred in the declaration of law, given of its own motion. The condition attached to the sale was utterly void as to defendant the Green Tree Brewing

Company. R. S. sec. 2505; *Coover v. Johnson*, 86 Mo. 533. There is a decided difference between a sale, with condition annexed, that the title shall remain in the vendor until the goods are paid for, and a sale for cash on delivery. In the latter case, the weight of authority is that if the vendee is placed in possession, without mistake or fraud, the title passes, and the condition is deemed waived. *Chapman v. Lathrop*, 6 Cow. [N. Y.] 110; *Lupin v. Marie*, 6 Wend. 77; *Foley v. Mason*, 6 Md. 37; *Bowen v. Burk*, 13 Pa. St. 146; *Mixer v. Cook*, 31 Me. 340.

*Muench & Cline*, for the respondent.

The brewery company being a prior creditor, section 2505, Revised Statutes, 1879, has no application. There was not only no sale "on condition" of the whisky in controversy, but no sale at all. The title did not pass. That the law justified the judgment under the evidence and instructions abundantly appears from the authorities. Benjamin on Sales [Bennett's Ed.] sec. 320, p. 268; *Hammett v. Linnemann*, 48 N. Y. 399; *Adams v. O'Connor*, 100 Mass. 515; *Smith v. Lynes*, 5 N. Y. [1 Seld.] 43. The sole contention of the appellant is that this must be treated as a sale upon a secret condition, and therefore void under Revised Statutes, 1879, section 2505, as to it, because it happened to be a creditor of Klasing's before the whisky was ordered of relator. Our reply is: (1) That there was here no sale at all, and consequently there were no conditions at all. The payment of the purchase price being a condition precedent, which, not being complied with, prevented the sale from being consummated. (2) The respondent, being a prior, and not a subsequent, creditor, would, under any hypothesis, however inapplicable to the facts in this case, not be within the latter portion of the section of the statute relied on. *Knoop ex rel. v. Distilling Co.*, 26 Mo. App. 316, 317 and cases cited; *Land and Cattle Co. v. Plumb*, 27 Fed. Rep. 598.

PEERS, J., delivered the opinion of the court.

This is a suit on a bond of indemnity given to the sheriff of the city of St. Louis by the Green Tree Brewery Company, which company had brought two attachment suits against one Klasing, the writs being levied upon Klasing's grocery and saloon business, and among other things the two barrels of whiskey in dispute. The Nelson Distilling Company filed a claim for the whiskey with the sheriff, and the brewery company caused the sheriff to retain the whiskey under the levy by executing to him the bond here sued on. The sheriff thereupon sold the property, whereby it is claimed it was wholly lost to the Nelson Distilling Company. The man Klasing, it appears, kept a little saloon on Third street in the city of St. Louis, was in failing circumstances, and when he bought the whiskey either never intended, or at least failed, to pay for it, although the sale thereof was distinctly made for cash. It seems to have been the custom of the distilling company to have their teamsters deliver whiskey sold by them in barrels and afterwards send their collector around for the money. This was generally done a day or two after the purchase, when the sale was understood to be for cash as this one was. When the collector called, which was on the day following the purchase, he found the whiskey on the sidewalk in front of Klasing's place where it had been left the evening before by the driver of the relator. The collector did not obtain the money for the whiskey from Klasing, who admitted that he had not complied with the terms of the sale, and offered to return the whiskey, saying he had no right to keep it; nor did Klasing at any time claim a right to keep it, but on the contrary repeatedly disclaimed all title to it both verbally and in writing filed with the sheriff. The whiskey remained for a day or two after the interview between the collector and Klasing with a view, as it seems, of making some other disposition of it, but it is quite clear from the record before us that the understanding was that the title should not pass by an apparent delivery.

The trial court found for the plaintiff upon this state of facts, to reverse which the case comes here by appeal.

The court gave the following instruction at the request of the plaintiff: "The court declares the law to be that, if it appears from the evidence that the two barrels of whiskey were purchased by Klasing from relator, upon condition that the same were to be paid for in cash upon the delivery thereof, and that the same were taken into possession or control by said Klasing without such payment, and that there was no waiver of such cash payment, then relator had a legal right to reclaim such goods from such Klasing's possession, the contract of sale not having been complied with. And if it further appears from the evidence that relator did so reclaim said goods from Klasing, and that at the time of the levy thereon the same were held by Klasing merely in behalf or as custodian of relator, then the finding should be for plaintiff."

The court refused the following declarations offered by defendant:

"1. If the court finds from the evidence that relator delivered the whiskey in controversy to one Frederick Klasing, on or about July 6, 1887, in pursuance of a contract of sale theretofore made between them, and that while said whiskey was in possession of said Klasing the same was seized and levied upon by the sheriff under the writs of attachment issued at the suit of defendant herein against said Klasing, then the plaintiff cannot recover, even though it may also appear that said Klasing, on July 7, 1887, agreed that relator might take back said whiskey if he failed to pay for the same within two days thereafter.

"2. The court declares the law to be that, even if the whiskey in controversy was sold by relator to Klasing for cash, yet, if relator delivered the same to said Klasing without requiring cash payment upon delivery, and said whiskey was levied upon under the writs of attachment in favor of defendant, and against said Klasing, read in evidence, while in the possession of

said Klasing, then the relator cannot recover, and the judgment should be for defendant.''

The court gave the following instruction upon its own motion :

''The court, sitting as a jury, makes the following declaration of the law applicable to this case. An agreement to pay cash for goods sold means cash at the time of delivery, but may be waived by the express understanding of the parties, or may be waived by implication from the acts of the parties. If the goods are delivered without any objection upon the part of the vendor, that the condition of the sale has not been complied with, and under circumstances indicating an intention and purpose not to insist upon the condition, they may be treated as the property of the vendee and held liable to attachment, as his delivery without requiring payment at the time is presumptive evidence that the condition has been waived. Therefore, if the court, sitting as a jury, believes from the evidence that the sale of the whiskey in controversy was made between the parties for cash, and that the plaintiff delivered the whiskey to Klasing without demanding or receiving at the time of delivery the price thereof, the court must find for defendant, unless it further believes from the evidence and all the circumstances surrounding the parties to the same, that it was not the intention in making such delivery without demanding or receiving the price, to waive the condition that the money should be paid for the whiskey before it should become the property of Klasing.''

The first point made by appellant is that the judgment is unsupported by the evidence. With this idea we are unable to agree. Abundant evidence is found in the record to support the judgment of the circuit court, in fact we do not see how the trier of the fact could come to any other conclusion than that reached by the judge of the circuit court in this case, and we shall not disturb the finding on that account. Nor do we think the court erred in its declaration of law. The sale of the whiskey was made for cash and there is nothing in

this record to show a waiver of the condition, or an intention to waive.

The appellant insists that the sale of the whiskey by plaintiff to Klasing under the apparent finding of facts by the trial court was a conditional sale, and as the condition was not evidenced by writing executed and acknowledged by the vendee and recorded, it was void under the provisions of the second clause of section 2505, Revised Statutes. Even if the premises were correctly stated the conclusion would not follow. The second clause of section 2505 refers to subsequent creditors of the vendee only (*Defiance Machine Works v. Trisler*, 21 Mo. App. 69; *Tufts v. Thompson*, 22 Mo. App. 564); and the Green Tree Brewery Company was a prior creditor. The sale was for cash, the payment of the purchase price being a condition precedent, which not being complied with prevented the sale from being consummated. The trial court based its instructions upon this idea, and we think it the correct one as applicable to the facts in this case. The instructions refused by the court were properly refused, as there was nothing upon which to base them under the facts as here developed.

We think the verdict was for the right party, and the judgment of the circuit court will be affirmed. All concur.