MILLER *et al.*, Respondents, v. BASCOM, Appellant.

1. Where there is a reservation or limitation of personal property by way of condition, reservation or remainder, or otherwise, the same not being declared by will or deed duly proved or acknowledged and recorded, such reservation will not, by the operation of the fifth section of the act con-

cerning fraudulent conveyances (R. C. 1855, p. 803), be rendered void as to the creditors and purchasers of the person in possession, unless such possession shall have continued for the space of five years.

2. Where personal property is sold and delivered to a person with the understanding that it is to remain the property of the vendor until the purchase money is paid, this "reservation or limitation" in favor of the vendor is not invalidated by the operation of the fifth section of the act concerning fraudulent conveyance, by reason of a failure to declare the same by will or deed duly proved or acknowledged and recorded; said section has no such operation unless possession has continued for five years.

3. Layson v. Rogers, 24 Mo. 192, explained and modified.

4. The mere fact, that the grantor in a deed of trust which is recorded remains in possession of the trust property, is no evidence of fraud; the record is in such case equivalent to a transmutation of possession.

*Appeal from St. Louis Court of Common Pleas.*

This was an action for the possession of a mirror. Evidence was introduced tending to show that the mirror was sold by plaintiffs to one Hyde, under the understanding and upon the condition that the mirror was to become the property of Hyde if he should pay for it; until he should so pay, the mirror was to remain the property of the plaintiffs. He did not pay for it, but executed a deed of trust, embracing said mirror with other property, to secure indebtedness to third persons. Under this deed of trust a sale was made, and Bascom, the defendant, became the purchaser of the mirror. He purchased with notice of the rights of the plaintiffs. The cause was tried by the court without a jury. The defendant asked the court to instruct as follows: "1. If the court, sitting as a jury, shall believe from the evidence that the sale of the mirrors in question made by plaintiff to one Hyde was made with a reservation or limitation by way of condition, reservation or remainder, and that the possession of the property remained with the said Hyde up to the time of the sale by the trustee, Shands, from the time the same was delivered by plaintiffs to said Hyde, then the condition or limitation, if any, in the said sale by plaintiffs to said Hyde, as to all creditors and purchasers of the said Hyde, was void, and the plaintiffs can not recover in this action unless

such reservation of said property was declared by will or deed in writing proved or acknowledged and recorded according to law. 2. That if the said Bascom was a purchaser at trustee's sale under a deed of trust executed by Hyde, who was in the possession of the said mirrors at the time said deed was executed, then said Bascom will hold the said property against the plaintiffs, even although he had verbal notice of the claim of said plaintiffs." The court refused so to instruct, and found for the plaintiffs.

*Morehead* and *Carroll*, for appellant.

I. The court erred in refusing the instructions asked. The reservation or limitation was void. (See R. C. 1855, p. 808, § 5; Layson v. Rogers, 24 Mo. 192; Bryson v. Penix, 18 Mo. 18; 12 Mo. 379.)

*H. N. Hart*, for respondents.

SCOTT, Judge, delivered the opinion of the court.

Without determining the question whether the contract proved by the plaintiffs, that the mirrors were to be the property of the plaintiffs until they were paid for, created a reservation or limitation of any use or property by the way of condition, reversion or remainder, within the meaning of the fifth section of the act concerning fraudulent conveyances, we are of the opinion that the section, to which reference has been made, does not apply to the case under consideration, as the possession of the property had not remained five years in the possession of Hyde at the time of sale.

There is no doubt but that, in case of a loan, the property must remain in the possession of the loanee five years before he can acquire a title, as against the owner, subject to the claims of his creditors and purchasers. This is so clear by the words of the section that no question can arise as to it. Now, where there is a claim of property by way of condition, reversion or remainder, is the same length of possession

necessary to vest in the person in possession a good title in favor of his creditors and purchasers?

The original law on this subject was taken from the code of Virginia, where it had long existed, and was at an early day introduced amongst us, as we find it in the territorial laws (1 Terr. Laws, 440); and, as we find it there, so it continued until the revision in 1835, when the words " as aforesaid" were omitted. The statutes of Virginia and Kentucky both contain these words, and they are to be found in the law on the subject in our revision of 1825. The law as originally introduced among us was, " where any goods or chattels shall be pretended to have been loaned to any person, with whom, or those claiming under him, possession shall have remained for the space of five years, without demand made and pursued by due process of law on the part of the pretended lender; or where any reservation or limitation shall be pretended to have been made of any use or property by the way of condition, reversion or remainder or otherwise in goods and chattels, the possession whereof shall have remained in another *as aforesaid*, the same shall be taken as to the creditors and purchasers of the persons aforesaid so remaining in possession to be fraudulent within this act, unless such loan or reservation of property be declared by will or deed in writing duly recorded," &c.

It has been seen that, in the revision of 1835, the words " as aforesaid" were omitted, and the omission still remains, and we are called upon to determine whether the omission was intentional and suffered with an intent to change the law so as to make any length of possession, however short, in the person in possession, create a title in favor of his creditors and purchasers, instead of a possession of five years as in the case of a loan. We can see no reason for making any discrimination between a loan and a condition or reservation. The mischief of continuing in possession under one pretext is, as great as the mischief under the other. If a bare possession under a condition or reservation, without regard to

its duration, will work a change of property in favor of the possessor, then in many instances the property of the real owner will be taken to satisfy debts which could not have been contracted on the faith of property in the possession of the debtor, for the debt will have been contracted before the possession of the property came to the debtor. This would be directly against the object and purposes of the act. In the case of Layson v. Rogers, 24 Mo. 192, the words " as aforesaid" in the act were evidently overlooked, and it is clear that by those words a reservation or condition is put upon the same footing as a loan, and so it has been held in Virginia whence we have this statute. (Loudon v. Turner, 11 Leigh, 403.)

Whether wisely or unwisely, it is well known that the revision of 1835 was made to undergo a purgation of all words deemed unnecessary and of all useless verbiage, and it is more than probable that, under such a process, words are inadvertently omitted which were necessary to express fully the sense of the general assembly.

As the case is in our opinion not within the fifth section of the act concerning fraudulent conveyances, the court committed no error in refusing the instruction asked on the subject of a reservation or limitation of property in the plaintiffs.

As the deed of trust was recorded, the bare circumstance that the grantor in the deed remained in possession of the trust property was no evidence of fraud, the record in such cases under our statute being equivalent to a transmutation of possession.

Taking together all that the witness said in relation to the sale of the mirror, it amounted to nothing more than that there should be a sale on the payment of the purchase money. His calling the transaction a sale is to be considered with what was said afterwards. Whether the witness should have been believed is a question with which we have nothing to do.

The other judges concur. Affirmed.