Wangler v. Franklin.

WANGLER v. FRANKLIN *et al., Appellants.*

1. **Conditional Sale of Personalty.** A condition in a contract of sale of personal property that the title shall remain in the vendor until the purchase money is paid, is valid and will be enforced even against a *bona fide* purchaser, notwithstanding it is not acknowledged or proved and recorded as required of certain instruments by section 5, page 280, Wag. Stat. That section does not apply to such contracts.

2. **Replevin**: ATTACHMENT : INTERPLEA : ESTOPPEL. One claiming title to personal property which had been taken in attachment as the property of another, obtained leave of court to interplead in the attachment proceedings. He failed, however, to file an interplea, and judgment went in favor of the plaintiff in the attachment. In replevin against the sheriff to recover the property; *Held*, that these facts did not preclude the plaintiff's recovery.

3. — ——: JUDGMENT IN : DAMAGES. If the evidence in an action of replevin does not show that the plaintiff sustained damage by reason of the detention of the property, a judgment in his favor should be for possession alone, and not for possession and damages.

*Appeal from Moberly Court of Common Pleas.*—HON. G. II. BURCKHARTT, Judge.

REVERSED.

Replevin for a portable mill and boiler. The facts were as follows: Bemis, Bro. & Co. having caused an attachment to be levied on the mill and boiler as the property of Hursh, Graham & Co., the plaintiff, Wangler, claiming title, asked and obtained leave of court to interplead in the litigation which ensued, in order that he might assert his title. He failed, however, to file an interplea, and there

was a special judgment in favor of Bemis, Bro. & Co., and against the property. While defendant, Franklin, still had possession of it as sheriff, by virtue of the writ of attachment, Wangler brought this action. The testimony tended to show .that he had sold and delivered the property to Hursh, Graham & Co., but that the agreement was that the title should not pass until the purchase money was paid, and that it had never been paid. This agreement was merely verbal. Plaintiff had judgment for the return of the property and $500 damages for its detention. ·

*Martin & Priest* for appellants.

*Edwin Silver* for respondent.

SHERWOOD, C. J.—Where property is sold upon condition that the title is to remain in the seller until the pur-
1. CONDITIONAL chase money is paid, this contract is a valid
SALE OF PERSON-
ALTY.        one, and will be respected and enforced by the courts even against a *bona fide* purchaser. *Robbins v. Phillips*, 68 Mo. 100, and cases cited. Section 5, page 280, 1 Wag. Stat., in relation to fraudulent conveyances, has no application to this case. *Miller v. Bascom*, 28 Mo. 352.

Two remedies are open to a party whose property is seized by an attaching creditor as the property of a third
2. REPLEVIN: at-  person in possession of it. He may either,
tachment: inter-
plea: estoppel.   under statutory provisions, interplead for the property, (1 Wag. Stat., § 52, p. 192,) or he may resort to his action of replevin. *Burgert v. Borchert,* 59 Mo. 85. We are not of opinion that plaintiff lost any right he previ-ously possessed to sue in replevin, by reason of his asking and obtaining leave to interplead in the attachment suit of Bemis, Bro. & Co. against Hursh, Graham & Co., since he did nothing more in the case than this, nor was he made a party to the action, nor any judgment rendered against him. The ·permission granted to plaintiff to interplead in that suit was simply a recognition of a right which the statute itself had previously granted, and which the court

could neither confer nor take away. The case of *Richardson v. Jones*, 16 Mo. 177, is totally unlike this, for there judgment actually went against the interpleader. Nor does this case bear the remotest analogy to those cited by defendants, as showing that a party may be bound by a judgment where he has an opportunity to control and manage the pending litigation; for Wangler owed no duty to the defendants in the attachment suit; was not bound to protect them from any liability, and consequently, there is no basis in this case on which to lay the rule asserted in *Strong v. Ins. Co.*, 62 Mo. 289, and similar cases.

We find no objection either to instructions given or those refused, and should not, perhaps, reverse the judgment if we could find any evidence in the record showing the amount in which the plaintiff was damaged; as nothing of the kind appears, we shall reverse the judgment and remand the cause with directions to enter judgment for plaintiff as of the date of the original judgment but without damages. All concur.