SUMNER v. COTTEY, *Appellant.*

1.  **Lease of an Organ**: SALE BY LESSEE PASSES NO TITLE.  One R received an organ from plaintiff under a written lease, conditioned for the payment of rent monthly, and further conditioned that R should have the privilege of purchasing at any time during the continuance of the lease at a price fixed, in which event all previous payments of rent should be deducted.  The title was expressly reserved to plaintiff.  R, without purchasing, sold and delivered the organ to defendant, representing it to be his own.  Defendant bought in good faith, without notice of the lease, and paid full price; *Held,* that he, nevertheless, got no title; and it was immaterial that the lease was not proved or acknowledged and recorded.

2.  **Defect of Parties**: PRACTICE.  It is too late to raise the objection of defect of parties after verdict.

*Appeal from Knox Circuit Court.*—HON. JNO. C. ANDERSON, Judge.

AFFIRMED.

*L. F. Cottey* for appellant.

*W. C. Hollister* for respondent.

HENRY, J.—The plaintiff sued for $265 damages for the conversion of an organ.  Defendant's answer denied plaintiff's ownership, and alleged that he purchased the organ of W. C. Ray, at the price of $165, which he paid; that at the time of the sale Ray had the actual and notorious possession of the organ, claiming it to be his own, and that defendant, believing him to be the owner, purchased it, not having any notice whatever that plaintiff had or pretended to have any claim to it; that at the time of the purchase from Ray and payment for the organ, Ray

was the legally authorized agent of plaintiff to sell organs and sewing machines in Knox county, Mo.; that at the time of the sale and payment of the purchase money as aforesaid, plaintiff had no lien on said organ in writing, proved or acknowledged and recorded as required by law. The cause was tried by the court, and there was a finding and judgment for plaintiff, from which defendant has appealed.

The evidence for plaintiff proved a lease in writing of the organ by A. Sumner & Co. to Ray, May 17th, 1877, at $10 per month, payable monthly in advance, to be used only by the family of said Ray, at his residence in Edina, Missouri, and not to be removed therefrom without the consent of said company in writing, said company reserving the right to terminate the contract at any time on failure to pay the rent, or when they should fear for the safety of the organ, Ray agreeing to take good care of and return it in good order to said A. Sumner & Co. at the expiration of the term for which the rent should be paid in advance. Ray also had the privilege, at any time during the continuance of the contract, to purchase the organ at $165, all previous payments for rent to be deducted from that price. This privilege, however, was in no way to interfere with the right of said Sumner & Co. to control the organ, the property therein remaining in said company. The evidence for plaintiff also showed that Bowen was a *bona fide* purchaser of defendant's note to Ray and did not collect it as plaintiff's agent; and that plaintiff demanded the organ of defendant, who refused to deliver it to him.

The evidence for defendant showed, that during the years 1871, 1872 and 1873, Ray was the sole agent of plaintiff in Knox county to sell organs and sewing machines, that defendant bought the organ as alleged in the answer, on the 6th day of July, 1871, and executed his note to Ray for $165, the price agreed upon, which he afterward paid to Benjamin Bowen, who was collecting agent for plaintiffs; that he did not know that plaintiff had any claim on the organ; that he bought it of Ray on his

representation, "that he was the owner, and not of him as agent." L. F. Cottey testified that he was present when defendant bought the organ; that Ray claimed to have bought it of plaintiff; that defendant purchased of Ray, not as agent of plaintiff but believing him to be the owner.

For plaintiff the court gave the following instructions: 1. If the court sitting as a jury shall believe from the evidence that W. C. Ray on the 17th day of May, 1871, hired of plaintiff the organ in question to be used only by W. C. Ray or his family at his residence in Edina, and agreed to pay the plaintiff $10 per month for the rent of the same, then in that case Ray was not the owner thereof and could not convey any title thereto to defendant.

2. Although the court sitting as a jury may believe from the evidence that the contract read in evidence was a conditional sale of the organ in question to the said Ray, yet if the court should further believe from the evidence that the title of said organ by said contract was to remain in the plaintiff until all the purchase money was paid by said Ray in full to the plaintiff, and that said Ray had never paid the purchase money in full, then in that case Ray was not the owner of said organ and had no right to convey the same to the defendant.

The following asked by defendant were refused: 1. If the court sitting as a jury shall believe from the evidence that plaintiff and Ray made and entered into the written instrument introduced in evidence, that plaintiff on or about the date of said instrument delivered the organ in question to Ray and permitted him to have actual and absolute possession thereof from said date until the sale to defendant, that said instrument is the only contract either written or verbal between plaintiff and Ray relating to said organ, that defendant purchased said organ from said Ray in good faith, and at the time of the purchase had no knowledge or information of the said written instrument, and did not know that plaintiff had or claimed to have any lien on, or title to, said organ, then in that event the said

written instrument would be a conditional sale. And if the court further believes from the evidence that said Ray represented to the defendant that he was the owner of said organ, and that defendant purchased the same in good faith believing that Ray was the owner thereof, and executed his note payable to said Ray for the purchase money, and afterward paid said note when the same became due; that plaintiff previous to said purchase by defendant did not have an instrument in writing signed and acknowledged by said Ray and recorded in the office of the recorder of deeds for Knox county, in which instrument in writing were specified and set forth the terms and conditions between plaintiff and Ray relative to said organ; and that defendant, previous to his said purchase, did not have any information or notice whatever of the claim of the plaintiff, then the finding should be for the defendant.

2.   If the court sitting as a jury shall believe from the evidence that the sale from Sumner to Ray was conditional, but that the organ in question was delivered to Ray unconditionally on the payment of $10, then the title vested in Ray on the delivery, so that he could clearly confer title to an innocent purchaser in good faith and for a valuable consideration; and in that case the finding should be for the defendant.

3.   If the court sitting as a jury shall find from the evidence that on the 6th day of July, 1871, and for a long period of time prior thereto, the said Sumner had held out the said Ray as his accredited agent in Knox county, in the sale of organs and sewing machines; although the court may further find from the evidence that the said Ray did at the time of the sale of the organ in question to the defendant on the 6th day of July, A. D. 1871, represent the organ in question to be his property; yet the holding out of the said Ray to the community as his accredited agent by the said Sumner was an implied warranty for his good faith and authority to act in the sale of organs and sewing machines in Knox county; and if the court shall

find from the evidence that the defendant bought the organ in question in good faith, and for a valuable consideration, and without any knowledge or notice of the plaintiff's lien or claim on said organ, then the finding should be for the defendant.

4. In order to create a lien for the purchase price of a chattel as against an innocent purchaser for a valuable consideration, there must be a conveyance to that effect in writing, proved or acknowledged, and filed for record in the recorder's office of the county where the property is situate.

5. When one of two innocent parties must suffer from the fraud of a third, the loss should fall on him who enabled such third person to commit the fraud. In this case the loss should fall on Sumner who, by intrusting Ray with the possession of the organ, enabled him to commit the fraud, rather than upon the defendant who acted in good faith and with proper caution.

6. Before the plaintiff can recover he must show conclusively that he used all due diligence, and was guilty of no laches in the prosecution of his claim. If Ray continued to act as the agent of Sumner in the sale of organs and sewing machines in Knox county, for more than two years after he had disposed of this property, and during all that time only paid Sumner $10 on said organ, then that is a circumstance which proves Sumner guilty of laches, and in that case the finding should be for the defendant.

The finding of the court was for the plaintiff for $165 with interest on the same at six per cent from the commencement of the suit.

That a conditional sale of personal property with delivery of possession to the vendee, the vendor reserving

1. LEASE OF AN OR- the title to the property until paid for, does
GAN: sale by les-
see passes no title. not invest the vendee with a title which enables him to sell it even to a *bona fide* purchaser without notice of the agreement between the vendor and vendee,

and although no writing evidencing such agreement be recorded, has been so often declared by this court, that it must be regarded as finally settled in this State. *Parmlee v. Catherwood*, 36 Mo. 479; *Little v. Page*, 44 Mo. 412; *Griffin v. Pugh*, 44 Mo. 326; *Wangler v. Franklin*, 70 Mo. 659. Here, however, was no sale, but a lease in which the lessee stipulated for the privilege of purchasing within the year for which the organ was let. The instructions for plaintiff are unexceptionable, and defendant was not entitled to those he asked.

The defendant's third instruction asked the court to find for him on a theory in conflict with the pleading and proof. He alleged in his answer that he bought the property of Ray, not of the plaintiff. He and L. F. Cottey both testified that he purchased of Ray not as agent of plaintiff but as owner. If he had purchased of Ray as agent of the plaintiff, a very different question would have been presented, and his refused instructions might have been given.

There is nothing in the point that the lease was made by A. Sumner & Co. There was no plea in abatement 2. DEFECT OF PARTIES: practice. alleging that there were other parties who were jointly interested with plaintiff in the property. Nothing except the signature of A. Sumner & Co. to the lease to show that any one except plaintiff was interested in the organ. Throughout the trial, plaintiff was treated and spoken of as if he alone composed the firm, and in his testimony he stated that he had been engaged in business in St. Louis for sixteen years, and in May, 1871, was dealing in pianos and organs, and in that month leased the organ to Ray. The point was not made in the circuit court, either in the motion for a new trial or in arrest of judgment, but we hold that it is too late after a trial and verdict to make that objection. Judgment affirmed. All concur.