McCauley, J.
When the constable took possession of the property, the first instalment of the purchase price was past clue and no part of the purchase price had been paid. If the contract under which the machine whs de-. livered to Kagy was effectual to retain to Seymour, Sabin, & Co., the title to the property until the price had been paid, their right to the machine when it was taken by the constable was complete. The agreement between Kagy and Seymour, Sabin, & Co., by which the latter retained the title and ownership of the machine until the purchase price was fully paid, was a contract that the seller eoulcl make by reason of his right to determine for himself upon what terms and conditions he would part with his property; and when the conditions proposed were assented to by Kagy, the purchaser, the conditions proposed became binding upon him; and, if not to all purchasers from him, certainly to all purchasers with knowledge of the rights of the seller. The rule where property is delivered to a purchaser upon condition that title shall not pass until the price has been paid, that the condition must be performed to divest the seller of his property, is one of such universal application, that it no longer rests upon the mere weight of authority. Of the many cases enforcing this rule, a few of the more recent and direct are : Sage v. Slentz, 23 Ohio St., 1; Sanders v. Keber Miller, 28 Ohio St., 630; Fosdick v. Schall, 99 U. S., 235; McFarland v. Farmer, 42 N. H., 386; Stadtfeld v. Huntsman, 92 Pa. St., 53; Benner v. Puffer, 114 Mass., 376; Hasbrouck v. Lounsberry, 26 N. Y., 598; Ballard v. Burgett, 40 N. Y., 314; Boon v. Moss, 70 N. Y., 465; Cole v. Berry, 42 N. J. L., 308; Wangler v. Franklin, 70 Mo., 659; Bradshaw v. Warner, 54 Ind., 58.
The note in this case provided that if the seller should deem the debt insecure, he should have the right to declare the notes due, and sell the property at public or private sale, and apply the proceeds upon the unpaid balance of the purchase price. It is urged for plaintiff in error *674 that this provision of the contract indicates that the sale is not one upon condition, but is a complete sale and delivery that passes the title.
If this provision of the contract stood alone, the effect claimed for it would probably follow. This part of the contract looks as if a sale and delivery passing the title to the purchaser was intended; but all parts of the contract are to be taken together to arrive at its full legal effect. This provision of the contract does not secure to the sellers any right they did not have without it, assuming that their reservation of title under the first condition was effective. It stipulated for the right to declare the notes due before maturity, and that after the property was sold the proceeds should be applied to the payment of the purchase price, and thus relieve the debtor; while, if the sellers remained the owners, their right to sell was not restricted by any agreement as to the application of the proceeds of the sale. The condition was, therefore, a concession to the purchaser, the legal effect of which would be that after the purchase money was paid in full, if any remained it should be accounted for by the seller to the buyer. This mode of dealing seems inconsistent with the relation of seller and buyer, and would be so in cases not controlled by special contract. The reason why the title to the property did not pass was that it was agreed that it should not, and that no subsequent agreement or condition between the parties was made or assented to that waived this condition.

Judgment affirmed.