Dailey v. The Singer Manufacturing Company.

DAILEY, *Appellant*, v. THE SINGER MANUFACTURING COMPANY *et al.*

**Married Woman**: CONTRACT. A married woman who purchases personal property with her own means and on her own credit, can, since the act of 1875 (R. S. sec. 3296) charge it by her note, secured by her deed of trust thereon, for the payment of the purchase price.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*R. W. Goode* for appellant.

(1) Under the so-called chattel mortgage, the respondents had no right to take, carry away or sell the machine, without tendering appellant the money already

paid by her, less 25 per cent. R. S. secs 2507, 2508. (2) The appellant, being a married woman, with no separate estate, could not legally bind herself by the contract, mortgage or note. *Horton v. Ransom*, 6 Mo. App. 19; *Nash v. Norment*, 5 Mo. App. 547; *Bauer v. Bauer*, 40 Mo. 61; *Chouteau v. Merry*, 3 Mo. App. 182; *Long v. Cockerill*, 55 Mo. 93; *King v. Mittelberger*, 50 Mo. 185; *Huff v. Price*, 50 Mo. 229; *Bank v. Taylor*, 62 Mo. 340; *Gage v. Gage*, 62 Mo. 412; *Lincoln v. Rowe*, 61 Mo. 574; *Kimm v. Weippert*, 46 Mo. 532; *Schaforth v. Ambs*, 46 Mo. 114; *Coats v. Robinson*, 10 Mo. 759; *Higgins v. Peltzer*, 49 Mo. 152; *Musick v. Dodson*, 76 Mo. 624.

*Taylor & Pollard* for respondents.

(1) The sewing machine was, under the evidence, the sole and separate property of plaintiff (R. S. sec. 3296), and she had the right to charge it, by a deed of trust for the payment of a note given for the purchase money. *McQuie v. Peay*, 58 Mo. 59; *State v. Berberich*, 9 Mo. App. 130; *Kimm v. Weippert*, 46 Mo. 535; *Root v. Shaffer*, 39 Iowa 375; Jones on Chattel Mortgages, sec. 32; *Brown's Appeal*, 68 Pa. St. 128; *Cheever v. Wilson*, 9 Wall. 119; *Demorest v. Wynkoff*, 3 Johns. Ch. 144. (2) A mortgagee of personal property is, after the day of redemption is passed, regarded in law as the absolute owner and may dispose of the property in any manner he pleases. *Robeson v. Campbell*, 8 Mo. 365, 615; *Williams v. Rorer*, 7 Mo. 556; *Lacey v. Gibony*, 36 Mo. 122; *Bowens v. Benson*, 57 Mo. 26; *Heyland v. Badger*, 35 Cal. 404. (3) The trustee in a deed of trust is the agent of both debtor and creditor, and the plaintiff cannot recover of defendant for the acts of the trustee. *Goode v. Comfort*, 39 Mo. 313; *Carter v. Alshire*, 48 Mo. 300. (4) A mortgageor cannot maintain trover against the mortgagee, because the former has no title. *Highland v. Badger*, 35 Cal. 404; *Middleworth v. Sedgwick*, 10 Cal. 392; *Redman v. Gould*, 7 Blackford, 361; *Kemp v.*

*Thompson*, 17 Ala. 9 ; *Stephenson v. Little*, 10 Mich. 433. (5) The plaintiff really consented to the taking of the machine. Consent is a defence to a civil injury.. Cooley on Torts, 163 and 439 ; *Caldwell v. Farrow*, 28 Ill. 438.

NORTON, J.—This action was brought to recover five thousand dollars damages alleged to have been sustained by plaintiff, by the unlawful entry of defendants into her dwelling house, and taking therefrom a sewing machine and converting the same to their own use. Defendants answered and set up substantially the following state of facts : That in 1878 defendant company sold and delivered to plaintiff the sewing machine in question, for which she paid five dollars, and gave her note for fifty dollars, payable in monthly installments of five dollars ; that to secure this note she executed a deed of trust, making defendant, Snitzer, one of the trustees on the machine so sold to her, conditioned that if said debt or any part thereof was not paid when due, the whole should become due, and the trustees might proceed to sell the machine for its payment; that after the execution of said deed of trust plaintiff made several payments amounting in the aggregate to twenty-six dollars, but made default in the payment of twenty-four dollars, and being in default, the trustees, through an agent, peaceably demanded of plaintiff the possession of the machine in order to execute the trust ; that plaintiff consented to the taking of the machine by the agent, and the trustees sold it as provided in the deed of trust, and that it is said act in taking and selling of the machine of which plaintiff complains. On the trial judgment was rendered for defendant, which was affirmed on plaintiff's appeal to the St. Louis court of appeals, from which judgment of affirmance plaintiff has appealed to this court.

Plaintiff, who testified in her own behalf, stated that the machine was her sole and separate property,

that her husband had nothing to do with the transaction, that she bought it with her own means on her own credit. The evidence on behalf of defendant tended to establish the state of facts set up in the answer.

The material question raised on plaintiff's appeal is presented by the following instruction given by the court, viz:

"The court instructs the jury, that if they believe from the evidence that the note and deed of trust read in evidence were signed by the plaintiff and delivered to the Singer Manufacturing Company, as a part of the consideration for the sewing machine mentioned in the pleadings and testimony, and that said machine was purchased by her with her own means and on her own credit, then said deed of trust when delivered by her became a valid security for the payment of said note, and that when plaintiff made default in the payment of said note, the trustees in the deed of trust had a perfect right to obtain possession of said machine, and the plaintiff could not maintain an action against said trustees, nor the holder of said note on account of said trustees obtaining peaceable possession of said machine, for the purpose of selling it as provided in the deed of trust, and if they find such facts be true, the verdict should be for the defendants."

It is insisted by counsel that this instruction, as well as the admission of the note and deed of trust in evidence was erroneous, because plaintiff, at the time she signed the note and deed was a married woman, and, therefore, incapable of making a binding contract. It has been held by this court that a married woman, the owner of real property as her sole and separate estate, may charge it in equity by the execution of a note for the payment of money, and that in equity a note made by a wife payable to the husband is, in the hands of a third party, capable of enforcement as a charge against her separate estate. *Morrison v. Thistle,* 67 Mo. 596; *McQuie v. Peay,* 58 Mo. 59; *Kimm v. Weippert,* 46 Mo.

535. It would seem to follow from the above that since the act of 1875, section 3296 Revised Statutes, that a married woman, as to her sole and separate property can act as a *femme sole,* has the *jus disponendi* and can bind herself either by any contract she may make for the sale of or by any contract for the purchase with her separate means of personal property as her sole and separate property. The objection made that plaintiff is not bound either by the note or deed of trust, may well answered by the case of *Bower's Appeal,* 68 Pa. St. 128, in which it is said : "Her power to purchase gives her a right to contract for the payment of the consideration money so far as to charge the property with such incumbrance as may be agreed upon to secure its payment. A judgment given for this purpose is not void on the ground of coverture, and the application to deprive the creditor of his security for his money was properly denied. If a court permitted her to retain the property and at the same time refused payment of the consideration money it would no longer deserve the name of a place where justice is judicially administered. It is not proposed to charge the woman personally with the judgment, nor are we prepared to say that her other property is chargeable with the debt."

Sections 2507 and 2508 Revised Statutes, cited by counsel, have no application to a case like this, where there has been an absolute sale, but they apply to such sales as are made on the condition that the title is to remain in the vendor, till the purchase price is fully paid. Nor is there anything in the point made, that the company by accepting lesser sums or payments than were called for in the deed of trust, waived its right to take the machine under the deed of trust and sell it because of default in the payment of what was due. *Ford v. Beard,* 31 Mo. 461 ; *Wiley v. Hight,* 39 Mo. 130.

The judgment of the court of appeals is hereby affirmed. All concur.