A. C. WURMSER, Appellant, v. L. P. SIVEY, Respondent.

Kansas City Court of Appeals, January 16, 1893.

1. **Sales:** RETAINING TITLE: EFFECT OF STATUTE. Sections 5180 and 5181, Revised Statutes, 1889, were intended to make a radical change in the law relating to personal property, and to prevent secret transactions from injuring creditors and purchasers of apparent owners.

2. **Chattel Mortgage:** STATUTE. Where there was an absolute sale, and the vendor of chattels receives part of the purchase price and takes a chattel mortgage to secure the unpaid balance, sections 5180, and 5181 Revised Statutes, 1889, have no application to the transaction, and upon default the mortgagee can replevin the goods without tendering back the sum paid on the purchase price.

*Appeal from the Jackson Circuit Court.*—Hon. James Gibson, Judge.

REVERSED AND REMANDED.

*Ess, Block & Georgen*, for appellant.

The court erred in peremptorily instructing the jury to find for defendant. Sections 5080 and 5081; Revised Statutes of 1889, do not apply to sales upon the installment plan where a chattel mortgage or deed of trust is given by the purchaser to secure the unpaid purchase price. *Daily v. Mfg. Co.*, 88 Mo. 301, 305; s. c., 14 Mo. App. 597. In both courts this precise question was directly decided in accordance with what we contend is the law.

*C. O. Tichenor*, for appellant.

It will not be contended that a conditional sale of a chattel and a mortgage upon it are the same, for the mortgagor has the title while the conditional vendee not only does not, but may never have it. *Sumner v. Cottey*, 71 Mo. 125. Statutes requiring that these bills of sale be recorded are of recent date, and effect a radical change in the old law. *Coover v. Johnson*, 86 Mo. 539; *Peet v. Spencer*, 90 Mo. 387; *Wooley v. Watson*, 22 Mo. App. 552; *Eidson v. Hedger*, 38 Mo. App. 55; *Angier v. Paper Co.*, 1 Gray, 621; *Colcord v. McDonald*, 128 Mass. 470. Hence it is that courts, where there is doubt, construe an act a mortgage instead of a conditional sale. The evils

which called for the statute, and which it was designed to remedy, arose from these conditional bills of sale and not from mortgages; and it is proper to consider this in construing a statute. *Spitler v. Young*, 63 Mo. 44; *Smith v. Laumeier*, 12 Mo. App. 549, affirmed 84 Mo. 672; *State ex rel. v. Diveling*, 66 Mo. 379. (2) The construction of a statute should be reasonable. Endlich on Statutes, sec. 264.

*H. Winston*, for respondent.

(1) Inasmuch as none of the purchase money was paid, and none of the goods delivered till after the execution and delivery of the instrument, which appellant claims to be a mortgage, and as that instrument, if valid, transferred and assigned to appellant the interest of respondent in goods, and is still valid and in force, if it ever was, therefore, there was never any real absolute sale of the property to respondent; there was merely a contract for a sale of it to him, no title to the property ever passed absolutely to the respondent, and the transaction as a whole, was in effect a mere conditional sale to become absolute only "if said note and every installment therein mentioned shall be well and truly paid according to the tenor and effect thereof when the same becomes due and payable." The transaction comes within the strict letter and spirit of the statute governing conditional sales. Revised Statutes, 1889, secs. 5180, 5181, 5187. (2) If this were not true, still appellant admits this was a case where "personal property" was "sold to be paid for in whole or in part in installments." The language of Revised Statutes, 1889, section 5180, is broad enough to cover every case where property is sold to be paid for in whole or in part in installments. *Gentry v. Templeton*, 47 Mo. App. 55–59.

SMITH, P. J.—This is an action of replevin. Plaintiff bases his right to recover upon a chattel mortgage executed by defendant to plaintiff to secure the unpaid balance of the purchase money upon a sale of some household goods sold by plaintiff to defendant. The uncontradicted evidence shows that there was default in the payments provided for by the mortgage. The non-payment of the debt, by the terms of the mortgage, gave plaintiff the right to the possession of these goods, and, after demand made therefor, this replevin suit was brought.

The trial court, it appears from the instructions given and refused, took the view that sections 5180 and 5181, Revised Statutes of Missouri of 1889, applied to any sale of chattels where a portion of the purchase money remained unpaid, and was to be paid in installments, notwithstanding, as in this case, the goods were sold and title conveyed to the purchaser, who executed a chattel mortgage to secure such unpaid installments. And further that plaintiff could not take the goods described in this mortgage without tendering or refunding to the purchaser the sum or sums paid by him after deducting a reasonable compensation for the use of such property, and as plaintiff had not made such payment or tender the jury were peremptorily directed to find for the defendant.

Section 5180, Revised Statutes, just referred to, provides that in all cases where any personal property shall be sold to any person to be paid for in whole or in part in installments on condition that the same shall belong to the person purchasing the same whenever the amount paid shall be a certain sum, the title to the same to remain in the vendor until such sum or any part thereof shall have been paid, such condition in regard to the title so remaining until such payment shall be void as to all subsequent purchasers

in good faith, and creditors, unless such condition shall be evidenced by writing executed, acknowledged and recorded as provided in cases of mortgages of personal property. And section 5181 provides that, whenever such property is so sold, it shall be unlawful for the vendor to take possession of said property without tendering or refunding to the purchaser the sum or sums of money so paid, after deducting therefrom a reasonable compensation for the use of such property, which shall in no case exceed twenty-five per cent. of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in the contract or not, unless such property has been broken or actually damaged, and then a reasonable compensation for such breakage or damage shall be allowed.

Prior to the enactment of the foregoing statutory provisions it had been several times held in this state that the seller of personal property might by contract with the buyer reserve the title of such property in himself, until payment was made, and that such reservation would be valid against a *bona fide* purchaser. *Wangler v. Franklin*, 70 Mo. 659; *Robbins v. Phillips*, 68 Mo. 100; *Sumner v. Cottey*, 71 Mo. 121. These sections were intended by the legislature to make a radical change in the law relating to the sales of personal property, and to prevent secret and unrecorded transactions and contracts of sales from being used to the detriment of creditors of or purchasers from the vendee of personal property apparently the owner thereof.

In this case there is no creditor or purchaser of the vendee concerned. The controversy is between the parties to the mortgage. That the case does not come within the purview of the statute already referred to, is as plain as anything can be. Here, the plaintiff in the usual and customary way sold the goods in question

to the defendant, the latter at the same time paying part of the purchase price, executing a mortgage on the goods so purchased to secure the deferred payments. The title was not to remain in the plaintiff until all of the installments were paid, but it passed to the defendant by the very nature of the transaction. If this were not so, why did defendant execute the mortgage to plaintiff covering the identical goods? If the goods were not his, why mortgage them to plaintiff? The statutes (sections 5180, 5181) have no application to a case like this where there was an absolute sale by the plaintiff to defendant of the goods, and a mortgage executed back by the latter to the former to secure the purchase price. *Daily v. Mfg. Co.*, 88 Mo. 301; 14 Mo. App. 597.

This case is not different from that where A sells a horse to B, and the latter pays the former a part of the purchase price and executes a mortgage to him to secure the deferred payment or payments. The contract of sale, the payment of part of the purchase money, and the execution of the mortgage back to secure the deferred payments, are all parts of the transaction, executed simultaneously and before the horse is taken out of the stable. This is the usual way of conducting such transactions. It is likely the plaintiff did not actually deliver the goods to defendant until the mortgage was signed, but in the contemplation of the parties the sale was effected first and was so regarded by both of them. And such a transaction we feel bound by law to recognize and uphold as valid.

It results that the judgment must be reversed and the cause remanded. All concur.