Williams, J.
The contention in this case relates to the applicability to the transactions involved, of the act of Ma}?' 4, 1885 (82 Ohio Laws, 238), now sections 7913-72, 73, of the Revised Statutes.
The statute, in terms, applies to all sales of chattels, “to be paid for in whole or in part in instalments, on condition that the same shall belong to the person purchasing the same whenever the amount paid shall be a certain sum, or the value of the property, the title to remain in the vendor until such sum, or the value of such property or any part thereof shall have been paid.” And, it is made unlawful for any vendor of chattel property so sold, “or his agent or servant, to take possession of said property without tendering or *24 refunding to the purchaser the sum or sums of money so paid after deducting therefrom a reasonable compensation for the use of such property, which shall in no ease exceed fifty per cent, of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in such contract or not, unless such property has been broken or actually damaged, and then a reasonable compensation for such breakage or damage shall be allowed.' ’
There was' evidence at the trial, though it was not without conflict, from which the jury mig'ht have found that the sales made by the plaintiffs to the defendant of the property in question were conditional sales of the character defined by the statute; and the instructions which were requested, but refused by the court, were to the effect that, if the jury should find the sales to be of that nature the defendant’s rights under the statute were unaffected by the mortgages given to secure instalments of the purchase price of the property. The refusal to so charge, and the charge given, appear to be placed upon the ground that the mortgages rendered the statuté inapplicable; and that is the position taken by counsel for the plaintiffs in error, who express some apprehension that any other holding would discourage sales on credit, and unsettle chattel mortgage securities. We see no good ground for giving the mortgages the effect claimed for them, nor any sufficient cause for the apprehension expressed. Bona fide absolute sales of chattel property are not within the operation of the statute; neither are mortgages made in good faith to secure the purchase price of property sold at such a sale, nor mortgages made in good faith on property owned by the mortgagor to secure a *25 valid debt arising otherwise than upon a conditional sale of the property. But the rights of parties to all conditional sales of personal property, as defined by the statute, are controlled by its provisions ; and we find nothing in the statute which indica,tes an intention that those rights should be changed or affected in any way by the vendor taking a mortgage on the property. On the contrary, the statute appears to have carefully guarded against that result. It preserves in explicit terms, to the purchaser at such a sale, the benefits of its provisions even ag'ainst express stipulation in the contract to the contrary, and though the contract be put in such form that the conditional character of the sale is not shown. The policy of the statute in this respect seems manifest. Purchasers on this plan are usually persons of small means, and unable to pay except in instalments; and such sales are, partly on that account, made at prices in excess of those charged in other cases. Payment of part of the instalments may amount to more than the actual worth of the property; and, on account of the unconscionable advantage which the vendor would otherwise have, by takingthe property and retaining the money paid, the legislature deemed it proper to adopt the equitable rule of adjustment prescribed by the statute. That rule when properly observed will, we believe, be found fair and just to both parties. At all events, it enters into and becomes a part of every contract of conditional sale made after its adoption, as much so as if expressly embodied therein. And it is obvious that the statute would fail of its purpose if any instrument which the vendor might choose to exact at the time of the sale, could preclude an inquiry into the real nature of the trans *26 action, or deprive the purchaser of the benefit of its provisions.
It is urged that the defendant in this case is sufficiently protected against a forfeiture of the property by accounting clauses in the mortgages which require the plaintiffs, on sale of the property by them, to pay the defendant any balance that may remain after the satisfaction of their claims. If these clauses were given that effect it is not perceived how they could prevent the application of the statute to the transactions between the parties, if they were in fact conditional sales within its meaning, or affect the rights of the parties under it. But, the accounting clauses are accompanied with others which authorize the plaintiffs to take the property from the possession of the defendant whenever they deem it necessary, and, without notice of any kind to sell the same at private sale to themselves for any price and upon any terms they may choose to fix. These necessarily render nug-atory the accounting clauses; for, as the sale would take place without notice there would be no bid but that of the plaintiffs, and it is unlikely that would exceed the balance of their claim. The formality of a sale could amount to nothing but an idle ceremony. Nor, is it apparent how, under any contract of conditional sale, the continued dominion and control of the vendor over the property could be more complete and absolute than was retained by the plaintiffs under these mortgages, nor what beneficial ownership was vested in the defendant beyond that of any conditional vendee. But these and other clauses of the mortgages are important only as they may serve to throw light on what was the true character of the sales.
*27 The eases of Wurmser v. Sivey, 52 Mo. App., 424, and Dailey v. Singer Mfg. Co., 88 Mo., 301, cited by-counsel, do not raise the questions presented in this case. There was nothing present in either of those eases except an absolute sale and a mortgage for part of the purchase money. The holding is that: “Where there is an absolute sale and the vendor of chattels receives part of the purchase price and takes a chattel mortgage to secure the unpaid balance, sections 5180 and 5181, Revised Statutes, 1889, have no application to the transaction, and upon default the mortgagee can replevin the goods without tendering back the sum paid on the purchase price. ’ ’
By our statute, in cases of conditional sales, a purchaser who has made one or more payments upon the property is entitled to its possession, notwithstanding his failure to make further payment, until the seller refunds or tenders back the amount so paid, less a reasonable compensation for its use and for any damage to it. The compensation allowed the seller for the use of the property is in no case to exceed fifty per cent of the amount received by him from the purchaser. The sum which the purchaser is so entitled to have refunded, constitutes the value of his right of possession, and should be awarded him as damages when the property is taken in replevin at the suit of the vendor before the amount has been refunded.

Judgment affirmed.