(Superior Court of Cincinnati.)
Special Term, July, 1900.

## MARY CAVANAUGH v. MOSES M. BLOOM et al.

(1). The mere fact of a sale of chattel property on installments is not sufficient to bring such a sale within the terms of the statute (section 4155-2, R. S.) relating to conditional sales; there must be evidence that the title is to remain in the vendor. The Speyer case distinguished.

(2). A judgment recovered before a justice of the peace for balance due on a purported chattel mortgage covering goods the title to which it is claimed by the vendee remained in the vendor, is res adjudicata in a subsequent suit to enjoin the sale of the goods upon execution.

JACKSON, J.

In this action the plaintiff alleged in her petition that the defendants, partners as Bloom, Long & Company, were engaged in the "installment business," selling furniture household goods and chattels. to be paid for in the future, on equal installments; that on October 2, 1895, and on August 1, 1897 she purchased from the defendants certain household goods, and after making to defendants on each occasion a small cash payment, promised and agreed with defendants to pay the balance then due in weekly installments; that before she had removed any of said property purchased, or asserted any of the acts of ownership in the same, but simultaneously with the purported transactions she executed and delivered to defendants certain purported chattel mortgages to secure the deferred payments of the purchase money; that these sales from the defendants to her came within the provisions of section 4155-2, R. S. O., passed May 4, 1895, prohibiting the vendor from retaking property and chattels so sold without refunding a certain part of the purchase price; that the defendants without tendering to her fifty per cent. (50) of the sum of one hundred and sixteen ($116) dollars paid by her on said purchases, did on December 27, 1897, before William F. Gass, a justice of peace of Cincinnati township, Hamilton county, Ohio, commence an action against this plaintiff for the sum of $60, balance due on a purported chattel mortgage, which soon thereafter went to judgment, and her

goods were seized upon execution by the officer of the law; that she is indebted to said defendants in the sum of $60, and at no time denied said indebtedness, but that she was prohibited from making an equitable defense in the magistrate's court by reason of the manner in which said suit was instituted; that the defendant threatened to and will sell said property so taken upon execution under the judgment recovered before the magistrate, unless restrained by this court from so doing. She therefore prays that defendants be perpetually enjoined from selling said property by virtue of said judgment and that they be compelled to return said goods to her.

The defendants filed an answer which among other defenses stated that the plaintiff did purchase certain household goods from them at the times and in the amounts as claimed, but that on the date of said purchases the full title to said goods was placed to and in said plaintiff, and that she executed and delivered to defendants chattel mortgages providing for the payment to defendants of the purchase price, so much thereof at once, and the balance in weekly installments, and that on the default of any of the payments the mortgagees might, without demand, which was waived, take the mortgaged property into their possession; that defendants began an action against the plaintiff before W. F. Gass, J. P. of Cincinnati township, upon a bill of particulars, which set forth the above facts, and that there remained due and unpaid from plaintiff to defendants, as a balance due upon said mortgage, the sum of $60; that summons was duly issued in said action and served upon the defendant therein, the plaintiff here; that judgment was thereafter rendered in said suit against this plaintiff and on said bill of particulars in the sum of $60 and costs; that by reason of said facts and, particularly by reason of the terms of the mortgage, the defendants had the right to the possession of said mortgaged property, and saw proper to reduce their said debt, evidenced thereby, to judgment, and through their agents to turn out the mortgaged property and have it sold under the authority of the execution aforesaid for the payment of their debt due them.

The case was submitted to me upon these pleadings and the evidence, and after full argument.

The defendants contend that section 4155-2, R. S. O., applies only to those sales upon installments (conditional sales) where the title is to remain in the vendor, and to pass to the vendee only upon payment of a certain price, the value of such property, or any part thereof; and further, that there is no evidence in this case, aside from the delivery of the property to the plaintiff and her immediate mortgage back of the same to the vendor, to show any agreement or understanding between the parties that the title to the goods was to remain in the vendor until the price thereof, or a certain part thereof, was paid. The defendants insist there must be evidence aside from the above transaction to show the title is to remain in the vendor. They also say that this action should be dismissed, because the plaintiff's remedy at law is fully adequate and complete. They further contend that although there may be a sale of goods and chattels on installments, the title to remain in the vendor, nevertheless the vendor had a perfect right to elect to treat the property as the property of the vendee, and bring a suit to recover the purchase price.

After reading the cases of Speyer & Co. v. Baker, 59 Ohio St., 11; Wurmser v. Sivey, 52 Mo. App., 424, and Dailey v. Singer Mfg. Co., 88 Mo., 301, I have reached the conclusion that defendants' first contention is well taken.

Sec. 4155-2, R. S. O., in terms provides, that there must be an understanding or agreement that the title is to remain in the vendor. The mere fact of a sale on installments is not sufficient to bring such a sale within the terms of the statute. The statute applies only to sales of chattels, "to be paid for in whole or in part, in installments, on condition that the same shall belong to the person purchasing the same, whenever the amount paid shall be a certain sum, or the value of the property, the title to remain in the vendor, until such sum, or the value of such property or any part thereof, shall have been paid."

Now, the case of Speyer & Co. v. Baker 59 Ohio St., 11, turned upon the question of instructions to the jury; and the supreme court affirmed the judgment of the circuit court, reversing the judgment of the trial court, because the latter court failed to give certain instructions requested, and erroneously charged that the mere fact of delivery of certain chattels sold, accompanied by a mortgage back from the vendee to the vendor (notwithstanding there was testimony tending to prove that the transaction was in fact a conditional sale), was sufficient to take the case out of the purview of the conditional sales statute.

The opinion of the court in Speyer & Co. v. Baker, supra, proceeded upon the theory, that evidence was admissible to show that the sale was upon condition—was a conditional sale, the title to remain in the vendor until the purchase price, or a certain part thereof, was paid—and should have been ad-

mitted, notwithstanding the fact that the purchaser gave a mortgage back to the vendor.

The court said (59 Ohio St., 11-24): "There was evidence at the trial, though it was not without conflict, from which the jury might have found that the sales made by the plaintiffs to the defendant of the property in question were conditional sales of the character defined by the statute; and the instructions which were requested but refused by the court were to the effect that if the jury should find the sales to be of that nature, the defendant's rights under the statute were unaffected by the mortgages given to secure installments of the purchase price of the property."

The supreme court held that there being evidence tending to show a conditional sale, that therefore that question ought to have been left to the jury, but the court below withdrew that question from the jury entirely.

In the case above cited (59 Ohio St., 11-27) the court say: "The cases of Wurmser v. Sivey, 52 Mo. App., 424, and Dailey v. Singer Manufacturing Company, 88 Mo.. 301, * * * do not raise the questions presented in this case."

The Missouri cases which I have read held that a delivery of property—chattels—to the vendee, with a mortgage back to the vendor to secure the purchase price, which is stipulated in the mortgage to be payable in installments, does not in and of itself constitute a conditional sale under a section similar to section 4155-2, R. S. O.; it is not a conditional sale.

Now, the evidence in this case is, by the plaintiff, that the defendants told her they did business on the installment plan. The defendants deny this; they deny that they ever told her so, and deny they did do business on the installment plan. They claim they simply sold goods outright, and always took a mortgage back from the purchaser to secure the deferred payments; and although the plaintiff testified the defendants said they did business on the installment plan, there was no testimony whatever to show there was any agreement, verbal or written, to the effect that the title of the property was to remain in the vendor until it was paid for; and the simple fact that goods are sold to be paid for thereafter, in installments, is not in and of itself sufficient evidence that the title is so to remain in the vendor. and the statute applies only to such latter cases.

The Speyer case must, therefore, be distinguished from this case. There the question was, whether the jury should have been instructed to consider certain facts. Here, the case having been tried to me, without a jury, I am to find the facts.

I find there is no evidence in this case to show there was a conditional sale the title to remain in the vendor until the purchase price was paid.

As to the other point of the defendants, I think that also was well taken. The judgment before the justice is res adjudicata, and is properly pleaded as a bar to the present action. The suit was upon an account for a balance due upon the chattel mortgage in question. It is true a magistrate s court has no equitable jurisdiction. You could not there ask to have the mortgage canceled, but you could say, this is a conditional sale and not a mortgage; that you did not owe any money on that account, or mortgage claim, because the transaction was not in fact a mortgage, but was a sale of the property on condition, and that you were not liable upon that account or mortgage because the title to the property had never passed to you; that you were only liable to pay when the title did pass to you, and so long as the title remained in the defendants, the defendants could not sue as upon a mortgage, but could only retake the property conditionally sold, upon tendering back, to the purchaser, not less than fifty per cent. of the amount actually paid.

It seems to me on both the above grounds, the judgment should be for the defendants, and it is so ordered.

As to the other points made on the argument, I do not express an opinion.

L. H. Pummill, for Plaintiff.

Burch & Johnson, for Defendants.