## S. S. BOWSER & CO., A Corporation, Appellants, v. BERT GARWITZ et al., Respondents.

**Springfield Court of Appeals, November 14, 1914.**

1. **SALES: Conditional Sales: Contracts of: Acknowledged and Recorded.** A contract of conditional sale shall be executed, acknowledged and recorded as provided in cases for chattel mortgages of personal property. (Laws 1877, p. 320; R. S. 1909, sec. 2887.)

2. **CHATTEL MORTGAGES: Constructive Notice: Statutory Amendments.** The provision of R. S. 1845, chap. 67, sec. 82, that chattel mortgages, in order to be constructive notice, must be acknowledged and recorded, was amended by Laws 1895, p. 179, so as to provide that the filing of an unacknowledged

chattel mortgage or a copy thereof should constitute constructive notice.

3. **STATUTORY AMENDMENTS: Chattel Mortgages: Conditional Sales: Effect of Amendments.** The amendment of the law pertaining to chattel mortgages (R. S. 1845, chap. 47, sec. 8; amended Laws 1895, p. 179), operated as an amendment of the act relating to conditional sales (Laws 1877, p. 320, amended R. S. 1909, sec. 2887), and a duly filed conditional sale operates as constructive notice, though unacknowledged.

Appeal from Texas County Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED.

*Lamar, Lamar & Lamar* for appellant.

(1) A condition sale, whether recorded or not, is good between the parties and subsequent purchasers having notice. Machinery v. Brick Tile Co., 174 Mo. App. 485, 35 Cyc. 682. (2) Where one statute refers to and adopts specifically another statute then an amendment of the statute so adopted effects a corresponding amendment of the adopting statute. State v. Rogers, 253 Mo. 399; State v. Williams, 237 Mo. 179; St. Louis v. Gunning Co., 138 Mo. 353; Gaston v. Lamkin, 115 Mo. 35; 2 Lewis's Sutherland on Construction of Statutes, page 700, section 406; Harris v. White, 81 N. Y. 453; Johns v. Dexter, 8 Fla. 276. (3) Statutes *in pari materia* are to be construed together. In re Ryan's Estate, 174 Mo. App. 202; State ex rel Amick, 274 Mo. 29; State ex rel v. Forresh, 177 Mo. App. 245.

*Hiett & Scott* for respondent.

(1) When a person has not actual notice, he ought not to be treated as if he had notice, unless the circumstances are such as enable the court to say not only that he might have acquired, but, also, that he ought to have acquired, the notice with which it is

sought to affect him; that he would have acquired it but for his gross negligence of the conduct of the business. Leavitt v. LaForce, 71 Mo. 353; Roan v. Winn, 93 Mo. 503; Adams v. Gossom, 228 Mo. 566. (2) That Sec. 2887, R. S. 1909 applies to any conditional sale of personal property has several times been held by our Supreme Court and Court of Appeals. Collins v. Wilhoit, 108 Mo. 451; Oester v. Sittingtin, 115 Mo. 247; Buggy Co. v. Woodson, 59 Mo. App. 550; Thomas Co. v. Huff, 62 Mo. App. 124; Loefler v. Damoree, 75 Mo. App. 207; Imp. Co. v. Price, 81 Mo. App. 243. (3) Secs. 2887 and 2889, R. S. 1909 were passed at the same session of the Legislature. They are contemperaneous statutes as well as statutes *in pari matiria* and must be construed together as though they constitute one act. State ex rel Patterson, 207 Mo. 129; Gasconade County v. Gordon, 241 Mo. 569; Session Acts 1877, p. 320.

ROBERTSON, P. J.—Plaintiff sold to one Millard an underground gasoline tank and equipments on condition that the title thereto should remain in the plaintiff until the purchase price therefor was paid in installments according to the terms of a written contract executed by the parties, unacknowledged, and filed in the office of the Recorder of Deeds of Texas county. No part of the purchase price was paid. The defendants, after the contract was filed as aforesaid, purchased in good faith from Millard the property in said contract described. The terms of the conditional sale having been violated this action was brought in replevin for the property. In a trial in the circuit court, a jury being waived, defendants prevailed and plaintiff has appealed.

The only question involved in this case is as to whether under sections 2887 and 2889, Revised Statutes 1909, it is essential to the validity of a conditional sale contract of personal property, as against subsequent purchasers in good faith, that it be *acknowledged*

and *recorded* as was essential in the case of chattel mortgages at the time of the original enactment of said sections 2887 and 2889. The section of our statute (now Section 2861, R. S. 1909) which provides for the acknowledgment and recording of chattel mortgages was first enacted in 1845 (R. S. 1845, pp. 527 and 528, section 8) which then required chattel mortgages, in order to constitute constructive notice, to be acknowledged and recorded. So far as the requirement of an acknowledgment and recording is concerned it remained the same until in 1895 (Laws 1895, p. 179) when the Legislature added the provision making the filling of an acknowledged chattel mortgage, or a copy thereof, constructive notice. The first legislation concerning contracts of conditional sales appears in 1877 (Laws 1877, p. 320) when there was added to what is now section 2887, Revised Statutes 1909, the requirement that such contract shall be executed, acknowledged "and recorded as now provided in cases of mortgages of personal property." At the same session of the Legislature (Laws 1877, p. 321, section 1) there was enacted what is now said section 2889, Revised Statutes 1909 (and which was approved after the act, now section 2887) requiring that the contract shall be "executed, acknowledged and recorded as provided in cases of mortgages of personal property."

The provision of the statute relative to conditional sales was prompted by the holdings of the courts (Sumner v. Cottey, 71 Mo. 121, 125) that the unrecorded conditional sale contract did not vest the vendee with a title that enabled him "to sell even to a bona fide purchaser without notice of the agreement between the vendor and vendee," to prevent litigation, injustice and fraud that followed in the wake of such secret contracts. [Collins v. Wilhoit, 108 Mo. 451, 458, 18 S. W. 901.] The Legislature, deeming the requirement relative to chattel mortgages sufficient, provided that such

contracts, so far as effecting the desired notice was concerned, should be treated as mortgages of personal property. By these three sections (2861, 2887 and 2889) the whole scope of secret liens and title contracts as to personal property was destroyed and their evil effects avoided by requiring them to be acknowledged and recorded. There was no change in these laws until in 1895 when section 2861 was amended so that a filing of the instrument was as effective as recording, except that the filing is valid for only five years (section 2864).

The appellant contends here that when the chattel mortgage section was amended in 1895 the change extended to conditional sales contracts, while respondents assert that the section concerning sales should remain as before the amendment of chattel mortgage section and that it is yet essential to their validity, as against purchasers in good faith, that they be acknowledged and recorded. We are of the opinion, and so hold, that the contention of the appellant must be upheld, not only because it appeals to us as the most reasonable construction of the sections of the statute, but also because the Supreme Court has, in State v. Rogers, 253 Mo. 399, 408, 161 S. W. 770, announced the rule that "where the reference statute pertains only to a method of procedure and refers generally to some statute which defines how certain things may be done, such reference statute will be expanded, modified or changed every time the statute referred to is changed by the Legislature." The facts there were that the section of the statute governing appeals in criminal cases provided for preserving exceptions "as *now* allowed by law in civil actions." The section relating to civil actions was subsequently changed and it was held the change extended to and became a part of the said section of the criminal law. Both parties here rely on this decision of the Supreme Court to uphold their con-

tentions. The respondents have fallen into the error of asserting that the reference in the conditional sales sections being to a particular part of the chattel mortgage law takes this case out of the rule announced in that decision; but the reference is only a general and not a special one. As consistently could it be argued that the act which the Supreme Court had under consideration referred specifically to the law *then* governing exceptions in civil cases and therefore could not be changed by any amendment of the section of the Civil Code under consideration. We are clearly of the opinion that this decision of the Supreme Court upholds the contention of appellant, and the filing of the conditional sale contract by it in the office of the Recorder of Deeds was notice to the world of its contents.

The result is that we must reverse the judgment and remand the cause. The parties stipulated in the circuit court as to the value of the property, but as plaintiff claims damages for its detention, which it has not waived, we cannot direct a judgment to be entered.

Reversed and remanded. *Sturgis* and *Farrington. JJ.,* concur.